**Rodney S. Diggs, Esq. (SBN 274459)**
rdiggs@imwlaw.com
**Tiffany Rollins, Esq. (SBN 291793)**
trollins@imwlaw.com
**IVIE, McNEILL & WYATT**
**A Professional Law Corporation**
444 South Flower Street, Suite 1800
Los Angeles, California 90071
Telephone:   (213) 489-0028
Facsimile:    (213) 489-0552
Attorneys for Plaintiffs **STEPHAN SHAY AND NATHAN SHAY**

**Justin H. Sanders, Esq. (SBN 211488)**
jsanders@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3050
Los Angeles, California 90017
Telephone:   (213) 426-5000
Facsimile:    (213) 234-4581
Attorneys for Plaintiffs **STEPHAN SHAY AND NATHAN SHAY**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN SHAY, an individual, and NATHAN SHAY, an individual, | Case No.: 8:17-CV-744 |
| | **FIRST AMENDED COMPLAINT** |
| Plaintiffs | 1. FOURTH AMENDMENT—EXCESSIVE FORCE (42 U.S.C. § 1983) |
| vs. | 2.   FAILURE TO INTERVENE |
| | 3. FIRST AMENDMENT/QUESTIONING POLICE ACTION- (42 U.S.C. § 1983) |
| CITY OF HUNTINGTON BEACH, a public entity, OFFICER BRANDON D. ROCKETT #422090, as an individual and a peace officer, OFFICER DANIEL M. SUBIA #421221, as an individual and a peace officer and DOES 1 through 10 inclusive. | 4. UNLAWFUL SEIZURE-DETENTION- (42 U.S.C. § 1983) |
| | 5. UNLAWFUL ARREST- (42 U.S.C. § 1983) |
| | 6. UNLAWFUL SEIZURE OF PROPERTY- (42 U.S.C. § 1983) |

Defendants.

7.  UNLAWFUL SEARCH- (42 U.S.C. § 1983)
8.  VIOLATION OF EQUAL PROTECTION- (42 U.S.C. § 1983)
9.  MONELL LIABILITY— RATIFICATION (42 U.S.C. § 1983)
10. MONELL LIABILITY— INADEQUATE TRAINING (42 U.S.C. § 1983)
11. MONELL LIABILITY— UNCONSTITUTIONAL CUSTOM, PRACTICE, POLICY (42 U.S.C. § 1983)
12. VIOLATION OF THE BANE ACT (Civil Code 52.1)
13. ASSAULT

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiffs STEPHAN SHAY and NATHAN SHAY ("PLAINTIFFS") in their Complaint against DEFENDANTS CITY OF HUNTINGTON BEACH, ("CITY") OFFICER BRANDON D. ROCKETT #422090 (""), as an individual and a peace officer, OFFICER DANIEL M. SUBIA #421221 ("SUBIA"), AND DOES 1 THROUGH 10, inclusive ("DEFENDANTS" collectively) and allege as follows:

**JURISDICTION AND VENUE**

1.      Venue and jurisdiction is proper in this Court because the parties reside in and all incidents, events, and occurrences giving rise to this action occurred in the County of Orange, California.

2.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because this civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the First, Fourth and Fourteenth Amendments of the United

States Constitutions.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

3.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## **INTRODUCTION**

4.     This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the false arrest, excessive and unreasonable force used during the Plaintiff's detention and arrest on January 13, 2016.

## **PARTIES**

5.     At all relevant times herein, **STEPHAN SHAY** (hereinafter referred to as "PLAINTIFF") was an individual residing in the City of Huntington Beach, county of Orange, California.

6.     At all relevant times herein, **NATHAN SHAY** (hereinafter referred to as "PLAINTIFF") was an individual residing in the City of Huntington Beach, county of Orange, California

7.     At all relevant times herein, Defendant CITY OF HUNTINGTON BEACH (hereinafter "CITY") was an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY OF HUNTINGTON BEACH POLICE DEPARTMENT (hereinafter referred to as "HBPD") and its tactics, methods, practices, customs and usages At

FIRST AMENDED COMPLAINT

all relevant times, CITY was the employer Defendants BRANDON D. ROCKETT #422090 (""), as an individual and a peace officer, OFFICER DANIEL M. SUBIA ("SUBIA") and DOES 1-10 who were CITY police officers, managerial, supervisorial, and policymaking employees of HBPD. On information and belief, at all relevant times, Defendant ROCKETT, SUBIA and DOES 1-10 were residents of the County of Orange, California.  Defendants ROCKETT, SUBIA and DOES 1-10 are sued in their individual and official capacity.

8.     Defendants ROCKETT, SUBIA and DOES 1-10 were acting under color of law and within the course and scope of their employment, including but not limited to January 13, 2016, the date the incident and Defendant CITY is legally responsible for all damages caused by the intentional and/or negligent and/or otherwise tortuous conduct of Defendants ROCKETT, SUBIA and DOES 1-10 as alleged herein.

9.     At all relevant times, Defendants ROCKETT and SUBIA, individually and as peace officers; and DOES 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and within the complete authority and ratification of their principal, Defendant CITY.

10.     At all relevant times, Defendants ROCEKTT and SUBIA, individually and as peace officers; and DOES 1-10 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

11.     In doing the acts and failing and omitting to act as hereinafter described, Defendants ROCKETT and SUBIA, individually and as peace officers; and DOES 1-10 were acting on the implied and actual permission and consent of CITY.

FIRST AMENDED COMPLAINT

12.     At all relevant times, Defendants ROCKETT and SUBIA, individually and as peace officers; and DOES 1-10 were working for Defendant CITY as police officers

13.     At all times mentioned herein and material hereto, Defendant Officer DOES 1 through 10 (Hereinafter "DEFENDANT DOE OFFICERS 1 through 10") whose identities are currently unknown but will be named once their identities are ascertained were engaged in law enforcement as police officers, sergeants, captains, lieutenants, and/or civilian employee, agent and representative of Defendant CITY, duly employed as police officer by the HBPD, who was acting in the course and scope of his employment all times relevant to the acts and omissions herein alleged.

14.     At all relevant times, DEFENDANT CITY were the employers of DEFENDANT DOE OFFICERS 1 through 10 who were CITY police officers, managerial, supervisorial, and policymaking employees of CITY's Police Department.  On information and belief, at all relevant times, DEFENDANT DOE OFFICERS 1-10 were residents of the City and/or county of Orange, California. DEFENDANT DOE OFFICERS 1-10 are sued in their individual and official capacity.

15.     At all relevant times, DEFENDANT DOE OFFICERS 1-10 who were CITY police officers, managerial, supervisorial, and policymaking employees of CITY's police department were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and within the complete authority and ratification of their principal, DEFENDANT CITY.

16.     At all relevant times, DEFENDANT DOE OFFICERS 1-10 who were

FIRST AMENDED COMPLAINT

CITY police officers, managerial, supervisorial, and policymaking employees of CITY's Police Department were duly appointed deputies/officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

17.     In doing the acts and failing and omitting to act as hereinafter described, At all relevant times, DEFENDANT DOE OFFICERS 1-10 who were CITY police officers, managerial, supervisorial, and policymaking employees of CITY's Police Department were acting on the implied and actual permission, consent and ratification of CITY.

18.     At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, training, retention, supervision, conduct and employment of each and every CITY defendant.

19.     At all relevant times, DEFENDANT DOE OFFICERS 1-10, individually and as police officers, were working for Defendant CITY as police officers and with the complete authority and ratification of their principal, Defendant CITY.

20.     PLAINTIFF is unaware of the true names and capacities of those DEFENDANTS named herein as DEFENDANT DOE OFFICERS 1-10. PLAINTIFF will amend this COMPLAINT to allege said DEFENDANT DOE OFFICERS 1-10's true names and capacities when that information becomes known to PLAINTIFFS.  PLAINTIFFS is informed and believes, and thereon alleges that these DEFENDANT DOE OFFICERS 1-10 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said DEFENDANT DOE OFFICERS 1-10 proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional,

FIRST AMENDED COMPLAINT

willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanted misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged.

21.     This action and claims therein are brought within all applicable statute of limitations. Plaintiff's federal causes of action are not subject to government tort claims filing requirements.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

22.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 21 of this Complaint with the same force and effect as if fully set forth herein.

23.     STEPHAN SHAY is a graduate of Brigham Young University ("BYU") and an accomplished professional long distance runner.  In 2014, STEPHAN SHAY won the Orange County Marathon and was the 4th fastest American in the New York City Marathon.  In 2015, STEPHAN SHAY came in 6th place at the U.S. Championship Marathon in Los Angeles.  STEPHAN SHAY also ran for the United States in the Track and Field World Championships in the half-marathon, London Marathon and has four of the top ten finishes in the U.S. for the half-marathon, marathon, 15 kilometers and 10 kilometers.

24.     On or about January 13, 2016, at approximately 7:00 p.m., Plaintiff STEPHAN SHAY was training for the 2016 United States Olympic Trials.  During this time, Plaintiff STEPHEN SHAY went on his daily run with nothing but running shorts on, a tank top and his cell phone.  As STEPHAN SHAY ran, he saw his brother, NATHAN SHAY, apparently detained by two City of Huntington Beach police officers, later identified as defendants ROCKETT and SUBIA.

FIRST AMENDED COMPLAINT

Officers ROCKETT and SUBIA stopped NATHAN SHAY allegedly for driving under the influence.  Significantly however, when NATHAN SHAY took a breath test, twice, and both tests resulted in BACs of 0.00%.  NATHAN SHAY had not consumed any alcohol.

25.    Officers ROCKETT and SUBIA unlawfully stopped NATHAN SHAY without reasonable suspicion and probable cause.

26.    NATHAN SHAY graduated from Notre Dame University with two degrees, and also graduated from University of Chicago with a Master's in Business.

27.    As STEPHAN SHAY ran by, he saw that his brother, NATHAN SHAY, was being harassed by Officers ROCKETT and SUBIA.  STEPHEN SHAY then decided to use his cell phone to record NATHAN SHAY'S interaction with ROCKETT and SUBIA.

28.    Defendants ROCKETT and SUBIA noticed that STEPHAN SHAY had a cellphone in his hand, ROCKETT and SUBIA stopped STEPHAN SHAY from lawfully exercising his right to use his cell phone to record the incident. Further, Officers ROCKETT and SUBIA unlawfully told STEPHAN SHAY that he could not remain on the sidewalk, even at a safe distance away, to ensure his brother was safe.  At all times, STEPHAN SHAY and NATHAN SHAY complied with all of Officers ROCKETT and SUBIA's commands and orders.

29.    ROCKETT and SUBIA then subjected STEPHEN SHAY to excessive, brutal and completely unnecessary force.  ROCKETT and SUBIA brutally grabbed STEPHAN SHAY, threw and slammed him into the ground causing STEPHAN SHAY to sustain injuries to his right shoulder, right knee, right hip, palm of his hand and left ankle.  Officers ROCKETT and SUBIA also slammed STEPHAN SHAY's head to the ground causing great pain to the right

FIRST AMENDED COMPLAINT

side of his head.  STEPHAN SHAY had bloody lacerations to his entire body.

30.     SUBIA then subjected NATHAN SHAY to excessive force by threatening to shoot NATHAN SHAY in the face with his Taser while pointing his Taser within inches of NATHAN SHAY'S face and telling NATHAN SHAY that he would Taser him and it would fucking hurt.

31.     Neither STEPHAN SHAY nor NATHAN SHAY committed any crime.  Further, ROCKETT and SUBIA did not have objectively reasonable suspicion or probable cause to believe that STEPHEN SHAY and/or NATHAN SHAY were armed, involved in any crime or posed an objectively reasonable threat of death or serious bodily harm to the ROCKETT and SUBIA (both of whom were armed, trained, larger and stronger than Plaintiffs).

32.     After STEPHAN SHAY was subject to excessive, brutal and completely unnecessary force by ROCKETT and SUBIA, ROCKETT and SUBIA unlawfully detained and arrested NATHAN SHAY in a faux traffic stop humiliating and intimidating him.  ROCKETT and SUBIA also unlawfully detained and arrested STEPHAN SHAY on a phony allegation of resisting arrest.

33.     Both STEPHAN SHAY and NATHAN SHAY experienced terror, humiliation and distress.

34.     ROCKETT and SUBIA unlawfully placed Plaintiffs under arrest despite knowing or having reason to know Plaintiffs committed no crime and solely to cover up Officer ROCKETT and SUBIA's known wrongdoing.  Further, ROCKETT and SUBIA placed Plaintiffs in tight and painful handcuffs which, upon information and belief, Plaintiffs complained of that were not checked or loosened at any time, and unlawfully searched Plaintiffs' person, effects and/or NATHAN SHAY's vehicle.

35.     Officers ROCKETT and SUBIA had ample opportunity to intervene

to stop the unlawful detention, arrest and use of force, but failed to do so and, in fact, were complicit in each of the aforementioned actions.

36.     Officers ROCKETT and SUBIA knowingly and unlawfully fabricated a cover story for their unlawful detention, arrest and use of in an attempt to cover up their misconduct and as evidence of their guilty consciences.

37.     Officers ROCKETT and SUBIA used excessive force in retaliation for Plaintiffs' lawful First and Fourth Amendment and other rights.

38.     A substantial and motivating reason for the Officers ROCKETT and SUBIA's use of excessive force, unlawful detention and unlawful arrest was due to their being emboldened to commit misconduct under a belief of impunity and subsequent ratification and *carte blanche tax payer-funded* defense, manipulation and obstruction of justice by Defendant CITY.

39.     A substantial and motivating reason for Officers ROCKETT and SUBIA's use of excessive force, unlawful detention, unlawful arrest and unlawful search was due to their being emboldened to commit misconduct to misuse and abusing their authority or power by taking advantage of some weakness or clear and apparent vulnerability in reckless disregard of Plaintiffs' rights, accompanied by ill will or spite, and was executed with unnecessary harshness or severity warranting punitive damages.

40.     The use of force against Plaintiffs was excessive and objectively unreasonable under the circumstances, especially because Plaintiffs committed no crime, were unarmed, did not physically or verbally threaten the officers with any physical harm, were not fleeing or attempting to flee, and were not physically or actively resisting or assaulting the Officers ROCKETT and SUBIA.

41.     As result of the excessive force, Plaintiffs sustained serious and ongoing physical, mental and emotional injuries, including large scars over

STEPHAN SHAY's body.

42.    STEPHAN SHAY was taken to Huntington Beach Hospital because of his injuries.  Despite the fact that he had not committed any crimes, he was placed in handcuffs as he lay bloody and in pain in the hospital.

43.    More importantly, as a result of the excessive force used on STEPHAN SHAY, he was unable to train for the Olympic Trials, which were 3 ½ weeks after the aforementioned incident.

44.    Because of STEPHAN SHAY's love for the U.S. and because he was touted to be a top 3 contender in the Olympic Trials. Despite suffering the aforementioned injuries, STEPHEN SHAY bravely competed in the United States Olympic Trials.  However, due to the injuries sustained by Officers ROCKETT and SUBIA, STEPHAN SHAY ran the slowest time he had ever run.  STEPHAN SHAY's personal record (P.R.) was enough to place him right outside of the top 3 runners at the trials and he was therefore not selected for the United States Olympic Team.

45.    Both STEPHAN and NATHAN SHAY had never been arrested before the aforementioned incident.  However, they both were arrested on January 13, 2016 and not released until January 14, 2016 for no justifiable reason other than to willfully violate STEPHAN and NATHAN SHAY's Constitutional rights.

46.    Upon information and belief, Officers ROCKETT and SUBIA have had several prior complaints of excessive force brought against them by citizens of the City of Huntington Beach, indicative of their propensity to use excessive force that went uninvestigated and/or for which the Officers ROCKETT and SUBIA were subjected to no discipline nor remedial training or repercussions indicative of an unconstitutional custom and policy of inaction, inadequate training, and/or ratification of unconstitutional uses of force.

47.     Due to the aforementioned injuries and excessive force, Plaintiffs assert claims of excessive force in violation of 42 U.S.C. § 1983, failure to prevent excessive force in violation of 42 U.S.C. § 1986, violation of 42 U.S.C. § 1983-First Amendment/Questioning Police Action, violation of 42 U.S.C. § 1983- equal protection, unlawful search, unlawful detention, unlawful arrest all violations of 42 U.S.C. § 1983municipal liability- ratification/inadequate training,/unconstitutional custom, practice, or policy- 42 U.S.C. § 1983 against the Defendants CITY and DEFENDANT DOE OFFICERS 1-10, collectively.

48.     Upon information and belief, the conduct of the Officer ROCKETT and SUBIA's actions were willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Officers ROCKETT and SUBIA.

## FIRST CLAIM FOR RELIEF

**Fourth Amendment—Excessive Force (42 U.S.C. § 1983)**

**(STEPHAN SHAY and NATHAN SHAY against ROCKETT and SUBIA)**

49.     Plaintiffs repeats and re-alleges each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50.     Despite not physically or actively resisting the defendant officers as Plaintiffs were detained and/or arrested, ROCKETT and SUBIA used excessive force against Plaintiffs by and without any reasonable suspicion or probable cause to believe that Plaintiff was armed or involved in any crime or posed an objectively reasonable threat of death or serious bodily harm to ROCKETT and SUBIA, ROCKETT and SUBIA brutally grabbed STEPHAN SHAY, threw and slamming

Plaintiff onto the ground causing pain, terror, humiliation and distress, slammed Plaintiff onto the concrete where he landed on his head and face causing pain, terror, distress, humiliation, distress and bloody lacerations to STEPHAN SHAY. SUBIA threated to shoot NATHAN SHAY in the face with his Taser while pointing his Taser within inches of NATHAN SHAY's face.

51.   As a result of the excessive force used on STEPHAN SHAY, he was unable to train for the Olympic Trials which was 3 ½ weeks away.  STEPHAN SHAY was unable to train for at least a week.

52.   As result of the excessive force, Plaintiffs sustained serious past and ongoing physical, mental and emotional injuries.

53.   Upon information and belief, ROCKETT and SUBIA have had several prior complaints of excessive force brought against them by citizens of the City of Huntington Beach indicative of the defendant officers' propensity to use excessive force that went uninvestigated and/or for which the deputies were subjected to no discipline nor remedial training or repercussions indicative of an unconstitutional custom and policy of inaction, inadequate training, and/or ratification of unconstitutional uses of force.

54.   The excessive use of force deprived Plaintiffs of their right to be secure in their person against excessive force and unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

55.   The conduct of ROCKETT and SUBIA was excessive, objectively unreasonable, willful, wanton, malicious, and in reckless disregard for the rights and safety of Plaintiffs, especially because Plaintiffs were unarmed, did not physically or verbally threaten the deputies with any physical harm, did not commit any crime, were not fleeing or attempting to flee, and were not physically

or actively resisting ROCKETT and SUBIA's efforts to arrest/detain them. Their conduct warrants the imposition of exemplary and punitive damages as to ROCKETT and SUBIA.

56.     Upon information and belief, ROCKETT and SUBIA's conduct violated their standard police training.

57.     The aforementioned acts and omissions of Defendants, and each of them, were a direct and proximate cause of Plaintiffs physical, mental, and emotional injuries, which warrant the awarding of compensatory and special damages in a sum according to proof.

58.     Plaintiffs seek past, present and future general, special, compensatory and consequential damages for the violation of Plaintiffs' rights.  Plaintiffs also seeks costs and reasonable attorney's fees as provided under 42 U.S.C. §§ 1983, 1985, and 1986.

## SECOND CLAIM FOR RELIEF

### FAILURE TO PREVENT EXCESSIVE FORCE 42 U.S.C. § 1986
### (STEPHAN SHAY against ROCKETT and SUBIA)

59.     Plaintiffs refers to and re-alleges each and every allegation contained in paragraphs 1 through 58 of this Complaint, and by this reference incorporates the same herein and makes each a part thereof.

60.     Plaintiff is informed and believes and thereupon alleges that ROCKETT and SUBIA were present, observed, and/or otherwise were aware or reasonably should have been aware that STEPHAN SHAY was being subjected to excessive force and the deprivation of rights alleged herein.

61.     Plaintiff is informed and believes and thereupon alleges that ROCKETT and SUBIA had a duty to prevent and/or intervene to prevent Plaintiff from being subjected to excessive force and the deprivation of rights alleged herein

under 42 U.S.C. § 1986.

62. Plaintiff is informed and believes and thereupon alleges that ROCKETT and SUBIA refused and/or failed to prevent and/or intervene to prevent Plaintiff from being subjected to excessive force and the deprivation of rights alleged herein under 42 U.S.C. § 1986.

63. The aforementioned acts and omissions of Defendants, and each of them, were a direct and proximate cause of Plaintiff's physical, mental, and emotional injuries, which warrant the awarding of compensatory and special damages in a sum according to proof.

64. The aforementioned acts and omissions of Defendants, and each of them, were willful, malicious and oppressive, without legal justification or legal authority and thereby justify the awarding of punitive damages in a sum according to proof.

### THIRD CLAIM FOR RELIEF

**First Amendment/Questioning Police Action- 42 U.S.C. § 1983**

**(STEPHAN SHAY and NATHAN SHAY against ROCKETT and SUBIA)**

65. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 64 of this Complaint with the same force and effect as if fully set forth herein.

66. At all times relevant herein, Plaintiffs had a right to free speech and to protest police action as afforded and provided by the First Amendment and protected against retaliation by the same and 42 U.S.C. § 1983.

67. Upon information and belief, ROCKETT and SUBIA chose to use and/or used excessive force against Plaintiffs in retaliation for Plaintiffs' exercising of their right to protest police misconduct and deprivation liberty and free movement and video recording on the date of the incident.

FIRST AMENDED COMPLAINT

68.     The conduct of ROCKETT and SUBIA was willful, wanton, malicious, and with reckless disregard for the rights and safety of PLAINTIFFS and therefore warrants the imposition of exemplary and punitive damages as to ROCKETT and SUBIA.

69.     As a result of their misconduct, ROCKETT and SUBIA are liable for PLAINTIFFS' physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

70.     The aforementioned acts and omissions of Defendants, and each of them, were a direct and proximate cause of which warrant the awarding of compensatory and special damages in a sum according to proof. Plaintiff also seeks costs and attorney's fees as provided by 42 U.S.C. § 1983.

## FOURTH CLAIM FOR RELIEF

### UNLAWFUL SEIZURE- DETENTION 42 U.S.C. § 1983

### (STEPHAN SHAY and NATHAN SHAY against ROCKETT and SUBIA)

71.     Plaintiffs repeats and re-alleges each and every allegation in paragraphs 1 through 70 of this Complaint with the same force and effect as if fully set forth herein.

72.     At all times relevant herein, Plaintiffs had a constitutionally afforded right against unlawful detentions which are unreasonable due to no reasonable suspicion that Plaintiffs committed any crime and/or unreasonable in time and/or manner which are unnecessarily painful, degrading, harmful, intrusive, or prolonged.

73.     Upon information and belief in the instant case, Plaintiff's detention was unlawful because Plaintiff committed no crime and ROCKETT and SUBIA had no objectively reasonable suspicion that Plaintiffs committed any crime.

74.     Upon information and belief in the instant case, Plaintiffs' detention was unlawful because it was unreasonable in time and/or manner unnecessarily painful, degrading, harmful, intrusive, humiliating, prolonged, and not justified under the circumstances.

75.     Upon information and belief, ROCKETT and SUBIA unreasonably detained Plaintiff for 6-7 hours, in a fearsome, degrading, prolonged, intimidating, intrusive, and embarrassing manner despite no reasonable belief that Plaintiff was armed, verbally or physically resisting them, attempting to flee or a threat of death or serious bodily harm to ROCKETT and SUBIA. This use of force and authority made it clear that Plaintiffs were not free to go and was instead being detained as a criminal when Plaintiffs committed no crime.

76.     Upon information and belief, ROCKETT and SUBIA further unreasonably, painfully, unjustifiably, degradingly, and harmfully handcuffed and searched Plaintiffs and kept them in handcuffs whereby she was harmed mentally, physically and/or emotionally and detained for an unreasonable amount of time and/or manner.

77.     Furthermore, STEPHAN SHAY was kept in handcuffs as he lay bloody and in pain in a hospital bed.

78.     NATHAN SHAY's person, effects and/or vehicle was searched in humiliating view of other civilians in violation of his rights against unreasonable search and seizure and STEPHAN SHAY's person was searched in a humiliating view of other civilians in violation of his rights against unreasonable search and seizure.

79.     The aforementioned facts of Plaintiffs' unreasonable detention and search directly and proximately caused Plaintiffs general and special damages in an amount to be determined.

FIRST AMENDED COMPLAINT

80.     Accordingly, Defendants CITY AND ROCKETT AND SUBIA each are liable to Plaintiff for compensatory damages, costs and attorney's fees under 42 U.S.C. § 1983.

### FIFTH CLAIM FOR RELIEF

### UNLAWFUL ARREST 42 U.S.C. § 1983

### (STEPHAN SHAY and NATHAN SHAY against ROCKETT an SUBIA)

81.     Plaintiffs repeats and re-alleges each and every allegation in paragraphs 1 through 80 of this Complaint with the same force and effect as if fully set forth herein.

82.     At all times relevant herein, Plaintiffs had a constitutionally afforded right against unlawful arrests based on no objective probable cause that Plaintiffs committed any crime.

83.     Upon information and belief in the instant case, Plaintiffs' arrest was unlawful because Plaintiff committed no crime and ROCKETT and SUBIA had no objectively reasonable probable cause that Plaintiffs committed or was committing any crime.

84.     The aforementioned facts of Plaintiffs' unlawful arrest directly and proximately caused Plaintiffs general and special damages in an amount to be determined.

85.     Plaintiffs were not released until 6-7 hours, on the next day, January 14, 2016.

86.     Accordingly, Defendants CITY and ROCKETT and SUBIA are liable to Plaintiff for compensatory damages, costs and attorney's fees under 42 U.S.C. § 1983.

## SIXTH CLAIM FOR RELIEF

### UNLAWFUL SEIZURE OF PROPERTY 42 U.S.C. § 1983

### (STEPHAN SHAY and NATHAN SHAY against ROCKETT and SUBIA)

87.     Plaintiffs repeats and re-alleges each and every allegation in paragraphs 1 through 86 of this Complaint with the same force and effect as if fully set forth herein.

88.     At all times relevant herein, Plaintiffs had a constitutionally afforded right against unlawful seizure and deprivation of property without due process and subject to an unlawful detention and/or unlawful arrest.

89.     Upon information and belief in the instant case, Plaintiffs' property including, but not limited to, Plaintiffs' car and cell phone and/or wallet were seized by ROCKETT and SUBIA without due process and as part of an unlawful detention and/or unlawful arrest.

90.     The seizure of Plaintiffs' property was unlawful because Plaintiffs committed no crime and had Defendants no objectively reasonable probable cause to believe that Plaintiff committed or was committing any crime.

91.     The aforementioned facts of Plaintiffs' seizure of property directly and proximately caused Plaintiffs general and special damages in an amount to be determined.

92.     Accordingly, Defendants CITY and ROCKETT and SUBIA each are liable to Plaintiffs for compensatory damages, costs and attorney's fees under 42 U.S.C. § 1983.

## SEVENTH CLAIM FOR RELIEF

### UNLAWFUL SEARCH 42 U.S.C. § 1983

### (STEPHAN SHAY and NATHAN SHAY against ROCKETT and SUBIA)

FIRST AMENDED COMPLAINT

93.     Plaintiffs repeats and re-alleges each and every allegation in paragraphs 1 through 92 of this Complaint with the same force and effect as if fully set forth herein.

94.     At all times relevant herein, Plaintiffs had a constitutionally afforded right against unlawful searches.

95.     Upon information and belief in the instant case, Plaintiffs' person and property including, but not limited to, Plaintiff's car, cell phone, wallet and/or other personal effects were seized and searched by ROCKETT and SUBIA without due process and as part of an unlawful detention and/or unlawful arrest.

96.     Upon information and belief and despite not being under any lawful arrest, Plaintiffs' person, effects and/or vehicle was searched in humiliating view of other civilians in violation of her rights against unreasonable search and seizure.

97.     Plaintiffs' search was unlawful because Plaintiffs committed no crime and had Defendants no objectively reasonable probable cause to believe that Plaintiffs committed or was committing any crime or was armed.

98.     The aforementioned facts of Plaintiffs' search of person and/or property directly and proximately caused Plaintiffs general and special damages in an amount to be determined.

99.     Accordingly, Defendants CITY and ROCKETT and SUBIA each are liable to Plaintiff for compensatory damages, costs and attorney's fees under 42 U.S.C. § 1983.

## EIGHTH CLAIM

## VIOLATION OF RIGHT TO EQUAL PROTECTION- 14th AMENDMENT/42 U.S.C. § 1983

## (STEPHAN SHAY and NATHAN SHAY against ROCKETT and SUBIA)

100.    Plaintiffs repeats and re-alleges each and every allegation in

paragraphs 1 through 99 of this Complaint with the same force and effect as if fully set forth herein.

101.   At all times relevant herein, Plaintiffs had a right to equal protection under the law as afforded and provided by the Fourteenth Amendment and protected by the same and 42 U.S.C. § 1983.

102.   Upon information and belief, ROCKETT and SUBIA chose to use and/or used excessive force against and/or otherwise violated Plaintiffs' rights and treated Plaintiff differently in retaliation for Plaintiffs' exercising of his right to protest police misconduct, liberty and free movement.

103.   Upon information and belief, a substantial and motivating reason for ROCKETT and SUBIA's use of excessive force, unlawful detention and unlawful arrest was due to their being emboldened to commit misconduct to misuse and abusing their authority or power by taking advantage of some weakness or disability or misfortune of the Plaintiffs because of Plaintiffs clear and apparent vulnerability in reckless disregard of Plaintiffs' rights, accompanied by ill will or spite, and was executed with unnecessary harshness or severity warranting punitive damages.

104.   The conduct ROCKETT and SUBIA was willful, wanton, malicious, and with reckless disregard for the rights and safety of PLAINTIFFS and therefore warrants the imposition of exemplary and punitive damages as to ROCKETT and SUBIA.

105.   As a result of their misconduct, ROCKETT and SUBIA are liable for PLAINTIFFS' physical, mental, and emotional injuries, either because they were integral participants in the excessive force and equal protection deprivation, or because they failed to intervene to prevent these violations.

106.   The aforementioned acts and omissions of Defendants, and each of

them, were a direct and proximate cause of which warrant the awarding of compensatory and special damages in a sum according to proof. Plaintiff also seeks costs and attorney's fees as provided by 42 U.S.C. § 1983.

**NINTH CLAIM**

**MUNCIPAL LIABILITY-42 U.S.C. § 1983- RATIFICATION**

**(STEPHAN SHAY and NATHAN SHAY against Defendant CITY)**

107.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 106 of this Complaint with the same force and effect as if fully set forth herein.

108.   ROCKETTROCKETT and SUBIA acted under color of law.

109.   The acts of ROCKETT and SUBIA deprived Plaintiff of his particular rights under the United States Constitution and aforementioned statutes.

110.   Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of ROCKETT and SUBIA, ratified (or will ratify) ROCKETT and SUBIA's acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) the acts of these defendants.

111.   Upon information and belief, CITY ratified ROCKETT and SUBIA acts and found they were "within policy" and ratified their acts alleged herein.

112.   By reason of the aforementioned acts and omissions, Plaintiffs has suffered and hereby claims loss of wages, past and ongoing economic and noneconomic mental, physical, and emotional pain and suffering/damages, and loss of earning capacity.

113.   Accordingly, Defendant CITY is directly liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

114.   Plaintiffs are also seeks attorney fees under this claim.

## **TENTH CLAIM FOR RELIEF**

**MUNCIPAL LIABILITY- INADEQUATE TRAINING (42 U.S.C. § 1983)**

**(STEPHAN SHAY and NATHAN SHAY against Defendant CITY)**

115.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 114 of this Complaint with the same force and effect as if fully set forth herein.

116.   ROCKETTROCKETT and SUBIA acted under color of law.

117.   The acts of ROCKETT and SUBIA deprived Plaintiffs of their particular rights under the United States Constitution and aforementioned statutes.

118.   The training policies of Defendant CITY were not adequate to train its deputies to handle the usual and recurring situations with which they must deal.

119.   Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

120.   The failure of Defendant CITY to provide adequate training caused the deprivation of the plaintiffs' rights by ROCKETT and SUBIA; that is, the CITY's failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

121.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of wages and loss of earning capacity. The aforementioned acts and omissions also caused PLAINTIFFS' past and ongoing physical, mental and emotional pain and suffering.

122.   Accordingly, Defendant CITY is directly liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983. Plaintiff also seeks attorney fees under this claim.

## ELEVENTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom, Practice or Policy (42 U.S.C. § 1983)**

**(STEPHAN SHAY and NATHAN SHAY against Defendant CITY)**

123.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 122 of this Complaint with the same force and effect as if fully set forth herein.

124.   ROCKETTROCKETT and SUBIA acted under color of law.

125.   ROCKETTROCKETT and SUBIA acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

126.   On information and belief, ROCKETT and SUBIA were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiffs' injuries.

127.   ROCKETTROCKETT and SUBIA, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

     (a)    Using excessive force;

     (b)    Providing inadequate training regarding the use of force;

     (c)    Employing and retaining as police officers individuals such as ROCKETT and SUBIA, who Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

     (d)    Inadequately supervising, training, controlling, assigning, and

disciplining CITY deputies, and other personnel, including
ROCKETT and SUBIA, who Defendant CITY knew or in the
exercise of reasonable care should have known had the
aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting,
supervising, investigating, reviewing, disciplining and
controlling misconduct by CITY officers and ROCKETT and
SUBIA;

(f) Failing to adequately discipline CITY police officers, including
ROCKETT and SUBIA, for the above-referenced categories of
misconduct, including "slaps on the wrist," discipline that is so
slight as to be out of proportion to the magnitude of the
misconduct, and other inadequate discipline that is tantamount
to encouraging misconduct;

(g) Announcing that unjustified uses of excessive force are "within
policy," including incidents that were later determined in court
to be unconstitutional;

(h) Even where shootings are determined in court to be
unconstitutional, refusing to discipline, terminate, or retrain the
officers involved;

(i) Encouraging, accommodating, or facilitating a "blue code of
silence," "blue shield," "blue wall," "blue curtain," "blue veil,"
or simply "code of silence," pursuant to which police officers
do not report other officers' errors, misconduct, or crimes.
Pursuant to this code of silence, if questioned about an incident
of misconduct involving another officer, while following the

FIRST AMENDED COMPLAINT

code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(j)     Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police excessive force incidents, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

128.    The aforementioned unconstitutional customs, practices, and polices, in addition to the ratification of the deficient customs, practices, and policies, are further evidenced by the number of prior shootings, which constituted excessive force, involving police officers working for the Huntington Beach Police Department. The following cases, without limitation, are examples of continued misconduct by police officers working for the Huntington Beach Police Department:

(a)     Moreover, on information and belief, this is not ROCKETT and SUBIA's first complaint or lawsuit alleging excessive force. Following these previous incidents, Defendant CITY failed to terminate ROCKETT and SUBIA, adequately discipline or retrain ROCKETT and SUBIA, or otherwise protect the public from ROCKETT and SUBIA. As a result of these actions and omissions, PLAINTIFFS were injured and sustained mental, physical and emotional injuries.

129.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered past, present and ongoing economic and non-economic damages including medical expenses, mental, physical and emotional damages.

130.    ROCKETTROCKETT and SUBIA, together with various other

officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFFS, and other individuals similarly situated.

131.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, ROCKETT and SUBIA acted with intentional, reckless, and callous disregard for Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and ROCKETT and SUBIA were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiffs.

132.   Accordingly, ROCKETT and SUBIA each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

133.   Plaintiff also seeks attorney fees under this claim.

**TWELFTH CLAIM FOR RELIEF**
**Violation of the Bane Act (CAL. CIV. CODE 52.1)**
**(NATHAN SHAY against SUBIA)**

134.   Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 133 of this complaint, and by this reference incorporates the same herein and makes each part hereof.

135.   On or about the above stated dates, and sometime prior thereto, SUBIA violated NATHAN SHAY's civil rights guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby providing a civil cause of action against SUBIA under California Civil Code Section 52.1.

FIRST AMENDED COMPLAINT

136.   SUBIA, while working as an officer for the City of Huntington Beach Police Department, and acting within the course and scope of his official duties, interfered with or attempted to interfere with the rights of NATHAN SHAY to be free from unreasonable seizures, arrests, searches, and unreasonable excessive force by threatening or committing acts involving violence, coercion or intimidation.

137.   On information and belief, NATHAN SHAY reasonably believed that if he exercised his constitutional rights to be free from unreasonable seizures, arrests, searches, and excessive force SUBIA would commit acts involving violence, threats, coercion or intimidation against his person.

138.   On information and belief, SUBIA seized, searched, arrested, used force against NATHAN SHAY to prevent NATHAN SHAY from exercising her rights or to retaliate against NATHAN SHAY for having exercised her rights.

139.   As a proximate result of the aforementioned acts of SUBIA, NATHAN SHAY suffered damage in a sum according to proof, and is entitled to the general, special and exemplary damages, statutory damages, and attorney's fees and costs provided by Civil Code section 52.1(h).

140.   DEFENDANT CITY is vicariously liable for the wrongful acts of SUBIA pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## THIRTEENTH CLAIM FOR RELIEF

### Assault

### (NATHAN SHAY against ROCKETT and SUBIA)

28

141.   Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1-140 of this complaint, and by reference incorporates the same herein and makes each a part hereof.

142.   At the aforementioned date, time and place, SUBIA assaulted NATHAN SHAY.

143.   By reason of the acts aforesaid, NATHAN SHAY was placed in great fear for his safety and physical and emotional wellbeing.

144.   The aforementioned acts of SUBIA, and each of them, were willful, malicious and oppressive, without legal justification or legal authority and thereby justify the awarding of punitive damages in a sum according to proof.

145.   DEFENDANT CITY is vicariously liable for the wrongful acts of SUBIA pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in their favor and against CITY, ROCKETT and SUBIA, inclusive, as follows and/or a jury trial:

A.      For compensatory and special damages in an amount to be proven at trial;

B.      For loss of wages and earning capacity;

C.      For punitive damages against the individual defendants in an amount to be proven at trial;

D.      For statutory damages;

E.      For interest;

F.      For reasonable attorneys' fees, including litigation expenses;

FIRST AMENDED COMPLAINT

G.      For costs of suit;

H.      For mental, emotional, physical past, present and future pain and suffering and reasonable costs of medical care; and

I.      For such further other relief as the Court may deem just, proper, and appropriate.

Dated:   April 5, 2018                    **IVIE, McNEILL & WYATT**


                              **By: _/s/ Rodney S. Diggs_**
                                      **RODNEY S. DIGGS**
                                      **JUSTIN H. SANDERS**
                                      **TIFFANY ROLLINS**
                                      **Attorneys for Plaintiffs**
                                      **STEPHAN SHAY and NATHAN SHAY**

FIRST AMENDED COMPLAINT

## **DEMAND FOR JURY TRIAL**

    Plaintiff hereby demands a trial by jury.

Dated:   July 3, 2018                    **IVIE, McNEILL & WYATT**


                        **By:** */s/ Rodney S. Diggs*
                                **RODNEY S. DIGGS**
                                **JUSTIN H. SANDERS**
                                **TIFFANY ROLLINS**
                                **Attorneys for Plaintiffs**
                                **STEPHAN SHAY and NATHAN**
                                **SHAY**

FIRST AMENDED COMPLAINT