MICHAEL E. GATES, City Attorney (SBN 258446)
BRIAN L. WILLIAMS, Sr. Trial Counsel (SBN 227948)
JEMMA E. DUNN, Sr. Deputy City Attorney (SBN 256454)
DANIEL S. CHA, Sr. Deputy City Attorney (SBN 260256)
2000 Main Street, P.O. Box 190
Huntington Beach, CA 92648
(714) 536-5555
FAX (714) 374-1590
Email:  Brian.Williams@surfcity-hb.org
        Daniel.Cha@surfcity-hb.org

Attorneys for Defendants
CITY OF HUNTINGTON BEACH, BRANDON D.
ROCKETT AND DANIEL M. SUBIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN SHAY, an individual NATHAN SHAY, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF HUNTINGTON BEACH, a public entity, OFFICER BRANDON D. ROCKETT #422090, as an individual and a peace officer, OFFICER DANIEL M. SUBIA #421221, as an individual and a peace officer and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  8:17-CV-744 AG (JCGx)<br><br>**DEFENDANTS' _AMENDED_ MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF OUTCOME OF PLAINTIFFS' CRIMINAL PROCEEDINGS, OTHER THAN FACT OF CONVICTION OF STEPHAN SHAY**<br><br>DATE: October 22, 2018<br>TIME:  8:30 a.m.<br>CTRM: 10D |

/ / /

/ / /

/ / /

189605.doc

TO THE CLERK OF THE COURT, AND ALL PARTIES BY AND THROUGH THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 22, 2018 at 8:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 10D of the above-entitled Court, located at 41 West Fourth Street, Santa Ana, California, Defendants CITY OF HUNTINGTON BEACH, BRANDON D. ROCKETT, and DANIEL M. SUBIA (collectively "Defendants"), hereby move the Court *in limine* for an Order excluding from trial any argument regarding, reference to, or introduction of, any testimony, documents, or other evidence regarding the outcome of Plaintiffs' criminal proceedings arising from the subject incident, other than the fact of Stephan Shay's conviction.

This Motion is based upon this Notice, the Memorandum of Points and Authorities attached hereto, the Declaration of Daniel S. Cha (hereinafter "Cha Decl.") with Exhibits, upon all documents on file in this case, and upon such oral and documentary evidence that may be received and considered by this Court when ruling on this Motion.

This Motion is brought following the conference of counsel pursuant to Local Rule 7-3, which began on August 22, 2018, and which included follow-up email communications between the parties' counsel.

DATED:       October 8, 2018          MICHAEL E. GATES, City Attorney


By:  _____/s/_____
      Daniel S. Cha, Sr. Deputy City Attorney,
      Attorney for Defendants,
      CITY OF HUNTINGTON BEACH,
      BRANDON D. ROCKETT and DANIEL M.
      SUBIA

189605.doc

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

This action arises out of a January 13, 2016 traffic stop of Plaintiff Nathan Shay (hereinafter "Nathan") by Defendant Huntington Beach Police Officers Brandon Rockett and Daniel Subia.  During the course of an investigation into a potential DUI violation, Nathan's brother Plaintiff Stephan Shay (hereinafter "Stephan") ran up to the scene.  Eventually, Stephan and Nathan were arrested.  Plaintiffs claimed Rockett and Subia used excessive force and that they were subject to unlawful search-and-seizure, among other related claims.

On September 25, 2018, this Court granted in part Defendants' Motion for Summary Judgment.  This Court's order recognized qualified immunity for the Defendants on Plaintiffs' excessive force claims, First Amendment claims, and equal protection claims – thus, trial will proceed solely on Plaintiffs' search-and-seizure related claims.

In a nutshell, the fact of Stephan's conviction for violation of Penal Code § 415(2) is relevant for all the reasons set forth in Defendants' pending summary judgment papers.  However, the subsequent dismissals of Plaintiffs' criminal proceedings arising out of the incident are irrelevant and subject to exclusion under Federal Rule of Evidence 403.

## II.    STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY.

For the sake of brevity, Defendants will not reiterate all facts involved in this action, but Defendants refer the Court to Section II of Defendants' Motion *in Limine* No. 1 for a fuller statement of the facts and disputes at issue.

As a result of the incident, the Orange County District Attorney's Office charged Stephan with a violation of Penal Code § 148(a)(1) – resisting, delaying, or obstructing a peace officer.  On October 12, 2016, Stephan reached an agreement with the Orange County District Attorney's Office for a deferred entry of judgment:

189605.doc

- Stephan agreed to plead guilty to an added count for violation of Penal Code § 415(2) and, within 90 days of the entry of the plea, to complete an educational program, pay the costs and fees of the program, commit no new law violations, provide a DNA sample, waiver of his right to withdraw consent related to his DNA sample.
- The District Attorney's Office, in return, agreed to immediately dismiss the count for violation of Penal Code § 148(a)(1), and to move to allow Plaintiff, upon the successful completion of his obligations, to withdraw the guilty plea and for dismissal of the count for violation of Penal Code § 415(2).

On that same date, Stephan appeared before the criminal court and pleaded guilty to the count for violation of Penal Code § 415(2).  The criminal court found a factual basis for, and accepted, the plea of guilty.  Pursuant to the deferred entry of judgment agreement, imposition of sentence was postponed until January 10, 2017.  On January 10, 2017, pursuant to the terms of the deferred entry of judgment agreement, Stephan's motion to withdraw his guilty plea was granted, and the count for violation of Penal Code § 415(2) was dismissed[1].

Nathan was issued a citation and notice to appear when he was released on the date of the incident, with regard to the speeding violation the officers had initially observed.  On May 26, 2016, Nathan's counsel filed a demurrer/request for verified complaint on the ground that the citation and notice to appear was issued on a judicial council form that was two months out-of-date as of the date of the incident.  Cha Decl. at ¶ 2-3, Exhibit "A" [Nathan's Demurrer in Speeding Case], Exhibit "B" [Docket re: OCSC Case No. HB3116914].  The state court sustained the demurrer with leave to amend.  Exhibit "B".  No amended or verified complaint was filed, and the matter was dismissed on June 6, 2016.  Exhibit "B".

/ / /

/ / /

/ / /

---

[1] Documents reflecting the foregoing were submitted on summary judgment, and Plaintiffs did not dispute any of these facts.

189605.doc

III. **THE COURT HAS THE POWER TO GRANT THIS MOTION *IN LIMINE* BASED UPON ITS INHERENT POWER TO MANAGE THE COURSE OF TRIALS.**

Motions *in limine* are recognized as a proper pretrial request, both in practice and in case law. *Ohler v. United States*, 529 U.S. 753, 758 (2000); *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979). Authority for these motions is also derived from the Court's inherent power to manage the course of trials. *Luce v. United States*, 469 U.S. 38, 41 (1984). Indeed, this very Court has recognized the propriety of motions *in limine* to "resolve highly sensitive issues before the 'bell is rung' in front of a jury...." *Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879 F.Supp.2d 1093, 1094 (C.D. Cal. 2012).

IV. **DEFENDANTS ARE NOT LIABLE FOR DAMAGES THAT ACCRUED TO PLAINTIFFS AS A RESULT OF CRIMINAL PROCEEDINGS, BECAUSE PLAINTIFFS HAVE NOT ALLEGED MALICIOUS PROSECUTION.**

In *Wallace v. Kato*, 549 U.S. 384 (2007), the Supreme Court set forth the distinction between damages for false arrest and damages for malicious prosecution:

> If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself.

*Id.* at 389-90 (internal quotations omitted).

Therefore, damages related to Plaintiffs' arrests is cut off after their respective releases from custody, and do not include damages caused by the subsequent initiation and filing of their criminal proceedings. Furthermore, with regard to Stephan, whose criminal case was initiated by a criminal complaint filed by the District Attorney's office, there is a further break in the chain of causation. *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981) ("Filing of a criminal complaint immunizes investigating officers... from damages suffered thereafter because it is

presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time.").

Neither Plaintiff has ever alleged a malicious prosecution claim. Accordingly, Plaintiffs' damages cannot include any component of damages stemming from their respective criminal prosecutions.

## V.  THE SUBSEQUENT DISMISSALS OF PLAINTIFFS' CRIMINAL PROCEEDINGS, OTHER THAN THE FACT OF STEPHAN'S CONVICTION, ARE IRRELEVANT.

As noted above, pursuant to this Court's order granting in part Defendants' Motion for Summary Judgment, the only claims that remain to be tried are search-and-seizure claims arising under the Fourth Amendment.  In order for proffered evidence to be relevant, it must have some "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.  Whether a Fourth Amendment violation occurred "turns on an objective assessment of the officer's actions in light of the facts and circumstances *confronting him at the time*...." *Scott v. United States*, 436 U.S. 128, 138 (1978) (emphasis added); *Graham v. Connor*, 490 U.S. 386, 396 (1989).

> Whether [an] arrest was constitutionally valid depends in turn upon whether, *at the moment the arrest was made*, the officers had probable cause to make it – whether *at that moment* the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.

*Beck v. Ohio*, 379 U.S. 89, 91 (1964) (emphasis added).

Accordingly, the Ninth Circuit has repeatedly held that the subsequent dismissals of criminal proceedings do not have a tendency to make the existence of

189605.doc

1   probable cause at the time of arrest more or less likely. *De Anda v. City of Long*
2   *Beach*, 7 F.3d 1418, 1422-23 (9th Cir. 1993); *Heath v. Cast*, 813 F.2d 254, 260 (9th
3   Cir. 1987). Accordingly, on the basis of relevancy alone, the ultimate dismissals of
4   Plaintiffs' subsequent criminal proceedings should be excluded from evidence.

5   **VI.   THE SUBSEQUENT DISMISSALS ARE SUBJECT TO EXCLUSION**
6   **UNDER FEDERAL RULE OF EVIDENCE 403.**

7        Evidence of the subsequent dismissals of Plaintiffs' criminal proceedings lack
8   any substantial probative value, for the reasons set forth above. In addition to this
9   fundamental lack of relevance, such evidence is subject to exclusion also because
10  this non-existent probative value is necessarily "substantially outweighed by a
11  danger of one or more of the following: unfair prejudice, confusing the issues,
12  misleading the jury, undue delay, [or] wasting time...." Fed.R.Evid. 403. "'Unfair
13  prejudice' within [the rule's] context means an undue tendency to suggest decision
14  on an improper basis." *Cohn v. Papke*, 655 F.2d 191, 194 (9th Cir. 1981).

15       With regard to Stephan's dismissal pursuant to his deferred entry of judgment
16  agreement with prosecutors, allowing such evidence in will confuse and mislead the
17  jury into considering the propriety and appropriateness of Stephan's treatment by
18  the District Attorney's office. It would also cause undue delay and waste time as the
19  parties would expend unnecessary time eliciting evidence providing context for the
20  circumstances, meaning, and motivations for the deferred entry of judgment
21  agreement and dismissal.

22       With regard to Nathan's dismissal, the potential morass is even deeper. As
23  set forth above, Nathan's criminal proceeding was dismissed because a judicial
24  council form was out of date by two months. This will confuse and mislead the jury
25  into considering the impropriety of the use of an outdated form, rather than focusing
26  on whether the facts and circumstances at the scene justified Defendants' actions
27  under the Fourth Amendment. Moreover, time will be wasted and undue delay will

28

1    be caused by presenting evidence regarding fine points of criminal/traffic

2    enforcement procedure, judicial council forms, etc.

3      Again, in light of the lack of probative value of such evidence, it is subject to

4    exclusion under Federal Rule of Evidence 403.  *Heath*, 813 F.2d at 260 (affirming

5    exclusion of evidence of dismissal of criminal charges under Federal Rule of

6    Evidence 403).

7    **V.**  **CONCLUSION.**

8      Based on the foregoing reasons, Defendants respectfully request that this

9    Court grant Defendants' Motion *in Limine* No. 2 in its entirety.

10

11   DATED:  October 8, 2018  MICHAEL E. GATES, City Attorney

12

13           By: ____/s/_____

14             Daniel S. Cha, Sr. Deputy City Attorney,
               Attorney for Defendants,

15             CITY OF HUNTINGTON BEACH,

16             BRANDON D. ROCKETT and DANIEL M.
               SUBIA

17

18

19

20

21

22

23

24

25

26

27

28

189605.doc

## <u>DECLARATION OF DANIEL S. CHA</u>

I, Daniel S. Cha, hereby declare the following:

1.     I am an attorney at the Office of the City Attorney for the City of Huntington Beach, attorneys for Defendants CITY OF HUNTINGTON BEACH, BRANDON D. ROCKETT and DANIEL M. SUBIA.  The following is within my own personal knowledge, and if called upon to testify I could and would competently testify thereto.

2.     Attached hereto and incorporated herein by reference as Exhibit "A" is a true and correct copy of the Demurrer filed on behalf of Plaintiff Nathan Shay in OCSC Case No. HB3116914.

3.     Attached hereto and incorporated herein by reference as Exhibit "B" is a true and correct copy of the online docket available from the Orange County Superior Court website for OCSC Case No. HB3116914.

I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 8th day of October, 2018, at Huntington Beach, California.

_____/s/_____

Daniel S. Cha

189605.doc

1   R. Allen Baylis        Bar No. 194496
    9042 Garfield Ave., Suite 202
2   Huntington Beach, CA92646
    Voice: (714) 962-0915
3   Fax: (714) 962-0930

4   Attorney for Defendant

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
WEST JUSTICE CENTER

MAY 2 6 2016

ALAN CARLSON, Clerk of the Court

BY: ___L. MORFIN___ , DEPUTY

5

6

7

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                           **COUNTY OF ORANGE**

9

10  PEOPLE OF THE STATE OF          ) No. HB3116914
    CALIFORNIA                      )
11                                  ) DEMURRER TO COMPLAINT AND
    PLAINTIFF                       ) REQUEST FOR VERIFIED COMPLAINT
12                                  )
13  v.                              ) Penal Code §§ 1002; 1004(2);
                                    ) 1006, Vehicle Code § 40513(b),
14  NATHAN ALLEN SHAY               ) CRC 4.103(a)
                                    )
15  DEFENDANT                       ) Date: 5/26/16
16                                  ) Time: 8:30
                                    ) Dept.: W7
17  _____ )

18

19

20      TO THE ABOVE ENTITLED COURT and DISTRICT ATTORNEY:

21          PLEASE TAKE NOTICE that pursuant to, California Penal

22  Code § 1006, Defendant hereby requests that hearing on this

23  demurrer take place immediately, or as soon as the Court's and

24  Counsel's schedule's allow. Pursuant to Penal Code §1004 the

25  Defendant hereby demurrers to Citation number HB3116914 , (copy

26  attached) filed as an accusatory pleading in this court on the

27  grounds that the facts stated do not constitute a public offense

28  within the meaning of California Penal Code §1004(2), to wit:

---

DEMURRER
Page 1 of 7

EXHIBIT A

1  The citation is not on a form approved by the Judicial Council
2  as required by Vehicle Code § 40513(b). Said Notice to Appear
3  fails to meet the requirements set out in the Judicial Council's
4  instructions *Notice to Appear and Related Forms* (form TR-INST)
5  as mandated pursuant to California Rules of Court, Rule
6  4.103(a). Additionally, Due to the forgoing, said Notice to
7  Appear does not constitute a verified complaint. Defendant
8  intends to plead not-guilty, and therefore is entitled to
9  request a verified complaint pursuant to Vehicle Code § 40513(a)
10

11         This Demurrer is based upon the citation, the
12  accompanying memorandum of points and authorities, the Court
13  documents and records in this case and the evidence and argument
14  to be presented at hearing.

15                                    Respectfully submitted
16
        Dated: May 26, 2016
17                                    R. Allen Baylis,
                                      Attorney for Defendant
18

19

20

21

22

23

24

25

26

27

28

DEMURRER
Page 2 of 7

EXHIBIT A

11

## STATEMENT OF FACTS

On Jan. 13, 2016 , Defendant was detained by a peace officer and served with a NOTICE TO APPEAR, Citation Number HB3116914 . The NOTICE TO APPEAR was issued on Judicial Council form TR-130 with a revision date of January 2, 2004 and filed with the court pursuant to Vehicle Code § 40513(a). A copy of the citation is attached hereto as an exhibit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I
### DEFENDANT'S DEMURRER MUST BE HEARD IMMEDIATELY, OR FOR AS SOON AS THE ENDS OF JUSTICE REQUIRE

**Penal Code § 1002:**
> The only pleading on the part of the defendant is either a demurrer or a plea.

**Penal Code §1006**
> Upon the demurrer being filed, the argument upon the objections presented thereby must be heard immediately, unless for exceptional cause shown, the court shall grant a continuance. Such continuance shall be for no longer time than the ends of justice require, and the court shall enter in its minutes the facts requiring it.

### II
### THE ACCUSATORY PLEADING [CITATION] IS NOT A COMPLAINT TO WHICH THE DEFENDANT MAY ENTER A PLEA OF NOT GUILTY.

In this traffic infraction matter the NOTICE TO APPEAR (Judicial Council Form TR-130) is the "complaint" pursuant to

DEMURRER
Page 3 of 7

EXHIBIT A

1 Vehicle Code § 40513(a), to which the defendant may enter a plea
2 of "guilty" or "nolo contendere." If the Notice to Appear is on
3 a form approved by the Judicial Council, it constitutes a
4 complaint to which the defendant may enter a plea of not guilty.
5     Vehicle Code §40500(b) states "The Judicial Council shall
6 prescribe the form of the notice to appear."

7
8

9     It should be further noted that The California Judicial
10 Council form TR-INST NOTICE TO APPEAR AND RELATED FORMS revised
11 June 26, 2015 section 3.010 specifically states **"Law enforcement**
12 **must use the revised Notice to Appear form by the effective date**
13 **of the revised form adopted by the Judicial Council.**" Pursuant
14 to subsection (b), "The Judicial Council adopted forms… TR-130,
15 effective June 26, 2015, with implementation as soon as
16 reasonably possible, but **no later than November 15, 2015.**"
17 (Excerpt of TR-INST attached hereto, entire document available
18 at: www.courts.ca.gov/documents/trinst.pdf ) Therefore, the
19 Notice to Appear filed in this case with a violation date of
20  Jan. 13, 2016, and a revision date of January 2, 2004  is
21 not on a form approved by the judicial.

22

23     The TR-INST is published by the Judicial Council on its
24 website, and is easily accessible for use by law enforcement,
25 the courts, and the general public. In fact, compliance with the
26 instructions set out in TR-INST is mandatory.

27

28     California Rules of Court, Rule 4.103(a) states as follows:

DEMURRER
Page 4 of 7

EXHIBIT A

**Rule 4.103. Notice to appear forms**

**(a) Traffic offenses**
A printed or electronic **notice to appear that is issued for any violation of the Vehicle Code** other than a felony or for a violation of an ordinance of a city or county relating to traffic offenses **must be prepared and filed with the court on** *Automated Traffic Enforcement System Notice to Appear* (form TR-115), ***Traffic/Nontraffic Notice to Appear*** **(form TR-130),** *Electronic Traffic/Nontraffic Notice to Appear* (4-inch format) (form TR-135), or *Electronic Traffic/Nontraffic Notice to Appear* (3-inch format) (form TR-145), **and must comply with the requirements in the current version of the Judicial Council's instructions,** *Notice to Appear and Related Forms* **(form TR-INST).**

California Rules of Court, Rule 4.2. states as follows:

The Criminal Rules apply to all criminal cases in the superior courts unless otherwise provided by a statute or rule in the California Rules of Court.

Therefore, this court has neither reason nor legal authority to deviate from the Judicial Council's requirements. Should a peace officer, as in this case, fail to comply with the statutory requirements, the trial court must honor a defendant's request that a proper verified complaint be filed prior to entering a plea. The legislative purposes of Vehicle Code § 40513(a) are frustrated if they are not followed by the courts.

**III**
**IF THE CITATION IS NOT ON A FORM APPROVED BY THE JUDICIAL COUNCIL, A VERIFIED COMPLAINT MUST BE FILED**

Vehicle Code § 40513 reads in pertinent part:

(a) **Whenever written notice to appear has been prepared, delivered, and filed with the court, an exact and legible duplicate copy of the notice when filed with the magistrate,** <u>in lieu of a verified complaint</u>, **shall constitute a complaint to which the defendant may plead "guilty" or "nolo contendere."**

**If, however, the defendant** violates his or her promise to appear in court or does not deposit lawful bail, or **pleads other than "guilty" or "nolo contendere" to the offense charged, a complaint shall be filed that shall conform to Chapter 2 (commencing with Section 948) of Title 5 of Part 2 of the Penal Code, which shall be deemed to be an original complaint,** and thereafter proceedings shall be had as provided by law, except that a defendant may, by an agreement in writing, subscribed by him or her and filed with the court, waive the filing of a verified complaint and elect that the prosecution may proceed upon a written notice to appear.

(b) **Notwithstanding subdivision (a), whenever the written notice to appear has been prepared on a form approved by the Judicial Council, an exact and legible duplicate copy of the notice when filed with the magistrate shall constitute a complaint to which the defendant may enter a plea** and, if the notice to appear is verified, upon which a warrant may be issued. If the notice to appear is not verified, the defendant may, at the time of arraignment, request that a verified complaint be filed....

The defendant may not enter a plea of not guilty to an a charge filed on a Notice to Appear that is not approved by the Judicial Council, pursuant to §40513(a). The defendant may, and here by does, request that a verified complaint be filed in this case.

### CONCLUSION/ARGUMENT

EXHIBIT A

1    This demurrer must be sustained. The citation which
2  constitutes the accusatory pleading/complaint herein is <u>fatally</u>
3  <u>defective</u> in that the required subscription "under penalty of
4  perjury' is undated. The fact that the notice to appear filed in
5  this case fails to comply with the lawful requirements as cited
6  above is irrefutable and indisputable.  The date is required,
7  and is simply not present.

8

9    In any event, should the Court decline to sustain the
10  demurrer, the Defendant must be allowed to, and hereby does
11  request that a properly verified complaint be filed prior to
12  entering a plea of not guilty pursuant to Penal Code § 40513(b).

13

14    Date:May 26, 2016              Respectfully submitted,

15

16                                   By: R. Allen Baylis
17                                   Attorney for Defendant

18

19

20

21

22

23

24

25

26

27

28

**CITY OF HUNTINGTON BEACH** COURT COPY

**NOTICE TO APPEAR** ☐ MISDEMEANOR ☑ TRAFFIC ☐ NON-TRAFFIC

| DATE OF VIOLATION | TIME | ☐ A.M. | DAY OF WEEK | REPORT NUMBER |
|---|---|---|---|---|
| 01/13/16 | 1955 | ☑ P.M. | S M T (W) T F S | 16-589 |

☐ Owner's Responsibility (Veh. Code 40001)

**NAME** (FIRST, MIDDLE, LAST) NATHAN ALLEN SHAY

**ADDRESS** 2000 PCH APT 105

| CITY HUNTINGTON BCH | STATE CA | ZIP CODE 92648 |
|---|---|---|

| DRIVERS LICENSE NO. 5-000622C51757 | STATE MI | CLASS C | COMMERCIAL ☐ YES ☑ NO | D.O.B. 10/13/1980 | AGE |

| SEX ☑ M ☐ F | HAIR BRD | EYES BRD | HEIGHT 602 | WEIGHT 190 | Commercial Vehicle ☐ (Veh. Code, 15210(B)) |

| VEHICLE LIC. NO. / VIN NO. 7FHN647 | STATE CA | RACE W | Hazardous Material ☐ (Veh. Code, 353) |

| YR. of VEH. 2015 | MAKE 1xxN | MODEL ISLANDER | BODY STYLE 4DR | COLOR BRG | PASSENGERS M F NONE |

**REGISTERED OWNER or LESSEE** RENTAL CAR FIN CORP ☐ SAME AS DRIVER

**ADDRESS** 1727 S. AIRPORT BLVD ☐ SAME AS DRIVER

| CITY HUNTINGTON BCH | STATE CA | ZIP CODE 94080 |

ELIGIBLE FOR DISMISSAL (Veh. Code 40610) ☐ BOOKING REQUIRED ☐ ADV. 24004 HOME/SHOP   Misdemeanor or Infraction (Circle)

| YES | NO | Code and Section | Description | |
|---|---|---|---|---|
| ☐ | ☑ | 22350 VC | SPEEDING | M Ⓘ |
| ☐ | ☐ | | | M I |
| ☐ | ☐ | | | M I |
| ☐ | ☐ | | | M I |

**EVIDENCE OF FINANCIAL RESPONSIBILITY** RENTAL CAR   ☑ Valid ☐ None ☐ No Proof

| SPEED APPROX. 90 | P.F. MAX SPEED 55 | SAFE SPEED | ☐ RADAR USED SERIAL # | ☐ ACCIDENT ☐ CONT. ISSUED | N Ⓨ |

**LOCATION OF VIOLATION(S)** AT PCH / CENTER SIGNAL   W E S

| WEATHER CLR CLD FG RN | SURFACE DRY DAMP WET | TRAFFIC LIGHT MED HVY | LIGHT DAWN DAY DUSK NIGHT | | LANE |

☐ VIOLATION(S) NOT COMMITTED IN MY PRESENCE, DECLARED ON INFORMATION AND BELIEF.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Date 1/13/16   **ARRESTING / ISSUING OFFICER** LOCKETT/SCBIA   SERIAL # 2090/1221 65X   UNIT #

NAME OF ARRESTING OFFICER, IF DIFFERENT THAN ABOVE.   SERIAL #   UNIT #
WHAT TO DO: FOLLOW THE INSTRUCTIONS ON THE REVERSE

WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND LOCATION CHECKED BELOW.

X SIGNATURE

☑ BEFORE A JUDGE OR CLERK OF THE WEST JUSTICE CENTER, 8141 13TH ST., WESTMINSTER, CA 92683

☐ JUVENILE COURT WITH PARENT AND DRIVERS LICENSE
341 THE CITY DRIVE, ORANGE, CALIFORNIA 92813-1569

☐ JUVENILES TO BE NOTIFIED PARENTS INFO. SEE REVERSE SIDE

☑ DATE 2/25   20 16   AT 8:00 A.M.

☐
☐

HB 3116914



HB3116914

Judicial Council of California Form
Rev. 01-01-04 (Veh. Code, §§ 40500(b), 40513(b), 40522, 40600; Pen. Code, § 853.9)

EXHIBIT A
SEE REVERSE
TR-130

17

*Rule 4.102 amended effective January 1, 2016; adopted as rule 850 effective January 1, 1965; previously renumbered as rule 4.102 and amended effective January 1, 2001; previously amended effective January 1, 1970, January 1, 1971, July 1, 1972, January 1, 1973, January 1, 1974, July 1, 1975, July 1, 1979, July 1, 1980, July 1, 1981, January 1, 1983, July 1, 1984, July 1, 1986, January 1, 1989, January 1, 1990, January 1, 1993, January 1, 1995, January 1, 1997, July 1, 2004, January 1, 2007, and July 1, 2013.*

### Rule 4.103. Notice to appear forms

#### (a)   Traffic offenses

A printed or electronic notice to appear that is issued for any violation of the Vehicle Code other than a felony or for a violation of an ordinance of a city or county relating to traffic offenses must be prepared and filed with the court on *Automated Traffic Enforcement System Notice to Appear* (form TR-115), *Traffic/Nontraffic Notice to Appear* (form TR-130), *Electronic Traffic/Nontraffic Notice to Appear* (4-inch format) (form TR-135), or *Electronic Traffic/Nontraffic Notice to Appear* (3-inch format) (form TR-145), and must comply with the requirements in the current version of the Judicial Council's instructions, *Notice to Appear and Related Forms* (form TR-INST).

#### (b)   Nontraffic offenses

A notice to appear issued for a nontraffic infraction or misdemeanor offense that is prepared on *Nontraffic Notice to Appear* (form TR-120), *Traffic/Nontraffic Notice to Appear* (form TR-130), *Electronic Traffic/Nontraffic Notice to Appear* (4-inch format) (form TR-135), or *Electronic Traffic/Nontraffic Notice to Appear* (3-inch format) (form TR-145), and that complies with the requirements in the current version of the Judicial Council's instructions, *Notice to Appear and Related Forms* (form TR-INST), may be filed with the court and serve as a complaint as provided in Penal Code section 853.9 or 959.1.

#### (c)   Corrections

Corrections to citations previously issued on *Continuation of Notice to Appear* (form TR-106), *Continuation of Citation* (form TR-108), *Automated Traffic Enforcement System Notice to Appear* (form TR-115), *Nontraffic Notice to Appear* (form TR-120), *Traffic/Nontraffic Notice to Appear* (form TR-130), *Electronic Traffic/Nontraffic Notice to Appear* (4-inch format) (form TR-135), or *Electronic Traffic/Nontraffic Notice to Appear* (3-inch format) (form TR-145) must be made on a *Notice of Correction and Proof of Service* (form TR-100).

#### (d)   Electronic citation forms

A law enforcement agency that uses an electronic citation device to issue notice to appear citations on the Judicial Council's *Electronic Traffic/Nontraffic Notice to*

4

**EXHIBIT A**

## TR-INST, NOTICE TO APPEAR AND RELATED FORMS

Revised Effective June 26, 2015



### JUDICIAL COUNCIL OF CALIFORNIA

455 Golden Gate Avenue
San Francisco, California 94102-3688

EXHIBIT A

### 1.040. Electronic Notice to Appear

a) The electronic Notice to Appear issued on either form TR-135, *Electronic Traffic/Nontraffic Notice to Appear* (4-inch format) or form TR-145, *Electronic Traffic/Nontraffic Notice to Appear* (3-inch format), eliminates those citation-processing problems caused by the illegibility of handwritten information. The use of an electronic Notice to Appear also reduces the amount of information that must be entered into law enforcement and court computer systems.

b) A court is authorized to receive and file a Notice to Appear in an electronic form if all of the following conditions are met:[3]

   1) The information is on a form approved by the Judicial Council.

   2) The Notice to Appear is transmitted to the court by a law enforcement agency.

   3) The court has the facility to electronically store the information for the statutory period of record retention.

   4) The court has the ability to reproduce the Notice to Appear in physical form upon the demand and payment of the reproduction costs.

c) Requirements for citations issued by an electronic citation device on form TR-135 or form TR-145 that differ from those for preprinted citations are specified below where necessary.

### 1.050. Notice of Correction and Proof of Service

Form TR-100, *Notice of Correction and Proof of Service*, must be used for any corrections to the original Notice to Appear citation.[4] (See Appendix A.)

## Chapter 2  AUTHORITY TO PRESCRIBE FORMAT

### 2.010. Judicial Council

a) The Judicial Council has adopted five forms for the Notice to Appear:

   1) Form TR-115, *Automated Traffic Enforcement System Notice to Appear,*[5] to be used in conjunction with violations of sections 22451, 21453, and 22101 recorded by an automated traffic enforcement system. (See Appendix D.)

   2) Form TR-120, *Nontraffic Notice to Appear,*[6] to be used for violations other than traffic offenses. (See Appendix E.)

---

[3]Per Pen. Code, § 959.1.
[4]Per Veh. Code, § 40505.
[5]Per Veh. Code, § 40518.
[6]Per Pen. Code, § 853.9.

2

EXHIBIT A

3) Form TR-130, *Traffic/Nontraffic Notice to Appear*,[7] to be used for both infraction and misdemeanor offenses. (See Appendix F.)

4) Forms TR-135 and TR-145[8] to be used for both infraction and misdemeanor offenses. (See Appendix G and Appendix H.) A computer-generated paper citation is issued to the defendant at the time of arrest and a copy is filed with the court either electronically when permitted or as a paper copy.

b) Form TR-106, *Continuation of Notice to Appear*, and form TR-108, *Continuation of Citation*, are intended for use in conjunction with *Nontraffic* and *Traffic/Nontraffic Notice to Appear* forms. (See Appendix B.)

c) The Judicial Council has not adopted a form for, nor established guidelines governing, the following: (1) parking citations, (2) arrest/booking reports, and (3) court bail courtesy notices.

## Chapter 3 REVISION DATES

### 3.010. Judicial Council

a) Periodically, the Judicial Council will adopt revisions of Notice to Appear forms. **Law enforcement must use the revised Notice to Appear form by the effective date of the revised form adopted by the Judicial Council.** (See section 6.030 for exception.) Depending on changes in statutory requirements, effective dates are established to allow law enforcement as much time as possible to deplete any existing supplies of the old form, print and disseminate new forms, and, if necessary, develop new procedures and train personnel regarding the revisions.

b) The council adopted forms TR-135 and TR-145 and revised forms TR-115, TR-120, and TR-130, effective June 26, 2015, with implementation as soon as reasonably possible, but no later than November 15, 2015. The council adopted forms TR-100, TR-106, and TR-108 with an effective date of January 1, 2004.

## Chapter 4 FORM SPECIFICATIONS

### 4.010. Required Copies

The arresting officer must prepare the Notice to Appear form, at a minimum, in triplicate with a copy delivered to the court and the issuing agency for Vehicle Code violations[8] and in duplicate for all other violations.[9] The copy of the citation issued to the arrested person must include all of the information on the copy of the citation filed with the court, including any signature for the defendant's promise to appear.[10] Before printing or programming Notice to Appear forms, law enforcement agencies should contact their local court to determine if there are any local requirements for the court's case management system.

---

[7]Per Veh. Code, §§ 40500(b), 40513(b), 40522, and Pen. Code, § 853.9.
[8]Per Veh. Code, §§ 40500(a) and 40506.
[9]Per Pen. Code, § 853.6.
[10]Per Veh. Code, § 40505.

EXHIBIT A

# Case Summary

| Case Number: | HB3116914 |
| --- | --- |
| OC Pay Number: | 8743529 |
| Originating Court: | West |
| Defendant: | Shay, Nathan Allen |

**Demographics:**

| | | |
| --- | --- | --- |
| | Sex: | Male |
| | Eyes: | Brown |
| | Hair: | Brown |
| | Height(ft/in) : | 6'2" |
| | Weight (lbs): | 190 |
| | Race: | White |
| | Address: | 2000 Pch APT 105 Huntington Beach, CA 92648 USA |

**Identifiers:**

| Type | | ID# |
| --- | --- | --- |
| Driver's License | 5000622051787 | |

**Names:**

| | Last Name | First Name | Middle Name | Type | Date of Birth |
| --- | --- | --- | --- | --- | --- |
| | Shay | Nathan | Allen | Real Name | 10/13/1980 |

**Vehicles:**

| | State | License Plate | Warrant | Year | Make | Model | Color |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | CA | 7FHW647 | N | 2015 | Hyundai | Elantra | Burgundy |

**Case Status:**

| | |
| --- | --- |
| Status: | Closed |
| Case Stage: | Filed with court |
| Release Status: | |
| Warrant: | N |
| DMV Hold : | N |
| Charging Document: | Citation |
| Mandatory Appearance: | Y |
| Owner's Resp: | N |
| Amendment #: | 0 |
| DA Case #: | - |
| DR #: | - |

**Counts:**

| Seq | S/A | Violation Date | Section Statute | OL | Violation | Plea | Plea Date | Disposition | Disposition Date |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1 | 0 | 01/13/2016 | 22350 VC | I | Unsafe speed for prevailing conditions | | | Dismissed | 06/06/2016 |

**Professionals:**

| Role | Badge | Agency | Name | Vacation Start | Vacation End |
| --- | --- | --- | --- | --- | --- |
| Retained Attorney | | RETAT | Baylis, R. Allen | | |
| Law Enforcement Officer | 1221 | HB | Subia, | | |
| Law Enforcement Officer | 2090 | HB | Rockett, | | |

**Heard Hearings:**

| Date | Hearing Type - Reason | Courtroom | Hearing Status | Special Hearing Result |
| --- | --- | --- | --- | --- |
| 04/20/2016 | Arraignment - PC - | W7 | Heard | Waives arraignment today |
| 04/20/2016 | Arraignment - PC - | W7 | Heard | waives statutory time for |
| 05/26/2016 | Arraignment - PC - | W7 | Heard | |
| 06/06/2016 | Arraignment - | W7 | Heard | |

**Register of Actions:**

| Date Action | Seq Nbr | Docket Code | Text |
| --- | --- | --- | --- |
| 02/02/2016 | 1 | FLDOC | Original Citation filed on 02/02/2016 by Huntington Beach Police Department. |
| | 2 | DFADD | Name recorded: Shay, Nathan Allen |

# EXHIBIT B

| | 3 | FLCNT | INFRACTION charge of 22350 VC filed as count 1. Date of violation: 01/13/2016. |
|---|---|---|---|
| 02/09/2016 | 1 | NTSNT | Courtesy Notice sent. |
| 02/15/2016 | 1 | CLVXT | Per IVR/WEB request, citation appearance date has been extended to 04/11/2016. |
| 04/01/2016 | 1 | CLVXT | Per IVR/WEB request, citation appearance date has been extended to 05/11/2016. |
| 04/11/2016 | 1 | CLADDW | Calendar reservation made through online services for 04/20/16 at 01:30 PM in W7 for ARGNPC. |
| | 2 | ADTXTW | Defendant has accepted Advisement of Rights. |
| 04/20/2016 | 1 | HHELD | Hearing held on 04/20/2016 at 01:30 PM in Department W7 for Arraignment - PC. |
| | 2 | OFJUD | Judicial Officer: Lyle Robertson, Commissioner |
| | 3 | OFJA | Clerk: R. Cervantes |
| | 4 | OFBAL | Bailiff: A. S. Lee |
| | 5 | TRPRT | Proceedings recorded electronically. |
| | 6 | APNDC | Defendant not present in Court represented by R. Allen Baylis, Retained Attorney. |
| | 7 | WVDFP | Defendant's presence is waived pursuant to Penal Code 977(a). |
| | 8 | MOTBY | Motion by Defense to continue the arraignment. |
| | 9 | MOTION | Motion granted. |
| | 10 | WVTIM | Defendant waives statutory time for Arraignment. |
| | 11 | WVRAT | Defendant waives the right to be arraigned today. |
| | 12 | CLCON | Arraignment - PC continued to 05/26/2016 at 08:30 AM in Department W7 at request of Defense. |
| | 13 | DSROR | Court orders defendant released on own recognizance. |
| 05/26/2016 | 1 | HHELD | Hearing held on 05/26/2016 at 08:30:00 AM in Department W7 for Arraignment - PC. |
| | 2 | OFJUD | Judicial Officer: Lyle J. Robertson, Commissioner |
| | 3 | OFJA | Clerk: L. Morfin |
| | 4 | OFBAL | Bailiff: A. S. Lee |
| | 5 | TRPRT | Proceedings recorded electronically. |
| | 6 | APNDC | Defendant not present in Court represented by R. Allen Baylis, Retained Attorney. |
| | 7 | WVDFP | Defendant's presence is waived. |
| | 8 | FITXT | "Demurrer to Complaint and Request for Verified Complaint" filed. |
| | 9 | TEXT | Court reviewed "Demurrer to complaint and Reqest for Verified Complaint" and now rules as follows: Demurrer is sustained with leave to amend. |
| | 10 | CLSET | Arraignment set on 06/06/2016 at 08:30 AM in Department W7. |
| | 11 | CLTXT | Arraignment is set to check if verified complaint has been filed. |
| | 12 | DSROR | Court orders defendant released on own recognizance. |
| | 13 | TEXT | Court orders notice to be given to the District Attorney's Office; and Huntington Beach Police Department advising them of this ruling and that a verified complaint is to be filed by 06/06/16. |
| | 14 | NTCSL | Clerk's Office directed to send notice by letter. |
| 05/27/2016 | 1 | CPGTO | Copy of Minute Order issued on 05/26/2016 forwarded to Office of The District Attorney and Huntington Beach Police Department. |
| 06/06/2016 | 1 | HHELD | Hearing held on 06/06/2016 at 08:30:00 AM in Department W7 for Arraignment. |
| | 2 | OFJUD | Judicial Officer: Lyle J. Robertson, Commissioner |
| | 3 | OFJA | Clerk: L. Morfin |
| | 4 | OFBAL | Bailiff: A. S. Lee |
| | 5 | TRPRT | Proceedings recorded electronically. |
| | 6 | APNDC | Defendant not present in Court represented by R. Allen Baylis, Retained Attorney. |
| | 7 | TEXT | Demurrer to complaint and Request for Verified Complaint filed 05/26/16. |
| | 8 | CDCDM | Count(s) 1 DISMISSED - pursuant to Penal Code 1008 - Defective accusation. Demurrer filed. Defendant discharged. |
| | 9 | DMDEL | DMV Request Deleted. DMV interface DD1 request deleted - No violations to report |
| 06/07/2016 | 1 | CSCLS | Case closed. |

# EXHIBIT B