MICHAEL E. GATES, City Attorney (SBN 258446)
BRIAN L. WILLIAMS, Sr. Trial Counsel (SBN 227948)
JEMMA E. DUNN, Sr. Deputy City Attorney (SBN 256454)
DANIEL S. CHA, Sr. Deputy City Attorney (SBN 260256)
2000 Main Street, P.O. Box 190
Huntington Beach, CA 92648
(714) 536-5555
FAX (714) 374-1590
Email:  Brian.Williams@surfcity-hb.org
            Daniel.Cha@surfcity-hb.org

Attorneys for Defendants
CITY OF HUNTINGTON BEACH, BRANDON D.
ROCKETT AND DANIEL M. SUBIA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN SHAY, an individual<br>NATHAN SHAY, an individual,<br><br>             Plaintiffs,<br><br>      vs.<br><br>CITY OF HUNTINGTON BEACH, a<br>public entity, OFFICER BRANDON D.<br>ROCKETT #422090, as an individual<br>and a peace officer, OFFICER DANIEL<br>M. SUBIA #421221, as an individual<br>and a peace officer and DOES 1 through<br>10, inclusive,<br><br>             Defendants. | Case No.  8:17-CV-744 AG (JCGx)<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE PLAINTIFF'S EXPERT RICHARD BRYCE; DECLARATION OF JEMMA E. DUNN WITH EXHIBITS**<br><br>DATE: October 22, 2018<br>TIME:  8:30 a.m.<br>CTRM: 10D |

/ / /
/ / /
/ / /

1

TO THE CLERK OF THE COURT, AND ALL PARTIES BY AND THROUGH THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 22, 2018 at 8:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 10D of the above-entitled Court, located at 41 West Fourth Street, Santa Ana, California, Defendants CITY OF HUNTINGTON BEACH, BRANDON D. ROCKETT, and DANIEL M. SUBIA (collectively "Defendants"), hereby move the Court *in limine* for an Order excluding the opinions of Plaintiff's retained expert Richard Bryce from the trial of this action on the grounds of irrelevance, inadmissible improper opinion, and Federal Rule of Evidence 403.

This Motion is based upon this Notice, the Memorandum of Points and Authorities attached hereto, the Jemma E. Dunn (hereinafter "Dunn Decl.") with Exhibits, upon all documents on file in this case, and upon such oral and documentary evidence that may be received and considered by this Court when ruling on this Motion.

This Motion is brought following the conference of counsel pursuant to Local Rule 7-3, which began on August 22, 2018, and which included follow-up email communications between the parties' counsel.

DATED:        October 8, 2018          MICHAEL E. GATES, City Attorney

                                By:    _____/s/_____
                                       Daniel S. Cha, Sr. Deputy City Attorney,
                                       Attorney for Defendants,
                                       CITY OF HUNTINGTON BEACH,
                                       BRANDON D. ROCKETT and DANIEL M.
                                       SUBIA

189581.doc

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  **INTRODUCTION.**

This action arises out of a January 13, 2016 traffic stop of Plaintiff Nathan Shay (hereinafter "Nathan") by Defendant Huntington Beach Police Officers Brandon Rockett and Daniel Subia.  During the course of an investigation into a potential DUI violation, Nathan's brother Plaintiff Stephan Shay (hereinafter "Stephan") ran up to the scene.  Eventually, Stephan and Nathan were arrested. Plaintiffs claimed Rockett and Subia used excessive force and that they were subject to unlawful search-and-seizure, among other related claims.

On September 25, 2018, this Court issued its final ruling on Defendants' Motion for Summary Judgment thereby granting summary judgment in favor of Defendants on Plaintiffs' excessive force claims, First Amendment claims and Equal Protection claims.  Therefore, the trial will proceed solely on Plaintiffs' search-and-seizure related claims, which arise under the Fourth Amendment. Plaintiffs' excessive force claims have been ultimately decided and therefore, the claims, facts supporting the claims and alleged damages are not relevant to the upcoming trial.

During the court of litigation, Defendants took the deposition of Plaintiffs' police practices expert, Richard Bryce.  Mr. Bryce was retained to opine on the *use of force* allegations, only.  His written report does not reference the false arrest, unlawful detention or search and seizure.  Furthermore, during his deposition, Mr. Bryce confirmed that he does not have any opinions regarding these allegations and he was retained solely to opine on use of force.  Thus, any attempt to bring Mr. Bryce in to testify at trial regarding these opinions is simply irrelevant, prejudicial, an undue consumption of time, will confuse the jury and is subject to exclusion under Federal Rule of Evidence 403.

/ / /

/ / /

189581.doc

1

## II.   <u>STATEMENT OF FACTS</u>.

2   For the sake of brevity, Defendants refer to the background statement of facts

3   set forth in Motion in Limine No. 1 regarding the initial stop, arrest and Stephan

4   Shay's deferred entry of judgment.   As it relates to this particular motion, the

5   relevant facts are as follows:

6   Plaintiffs retained a single expert witness to testify at trial; police practices

7   expert Richard Bryce.  During his deposition, Mr. Bryce confirmed that his opinions

8   were limited to the excessive force claims, only.  Mr. Bryce testified:

9   Q:  As I read your report, you were not offering opinions
10   relative to the propriety of the initial stop and the
    subsequent arrests. Is that true?
11

12   A:  I wasn't asked to offer an opinion on that.

13   Q:  Okay.  So is it fair to say, sir, that your opinions in this
14   case are limited to the uses of force both against Stephan
    Shay and Nathan Shay?
15

16   A:  Yes.

17   [Deposition of Richard Bryce page 19, lines 4 – 11, attached to the Dunn
18   Decl. as Exhibit A.]  As the excessive force claims are no longer at issue in this
19   case, Mr. Bryce's opinions should be excluded entirely.
20

21   ## III.   <u>THE COURT HAS THE POWER TO GRANT THIS MOTION *IN LIMINE* BASED UPON ITS INHERENT POWER TO MANAGE THE COURSE OF TRIALS</u>.

22

23   Motions *in limine* are recognized as a proper pretrial request, both in practice
24   and in case law.  *Ohler v. United States*, 529 U.S. 753, 758 (2000); *United States v.*
25   *Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979).  Authority for these motions is also
26   derived from the Court's inherent power to manage the course of trials.  *Luce v.*
27   *United States*, 469 U.S. 38, 41 (1984).  Indeed, this very Court has recognized the
28   propriety of motions *in limine* to "resolve highly sensitive issues before the 'bell is

4

189581.doc

1    rung' in front of a jury...." *Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879

2    F.Supp.2d 1093, 1094 (C.D. Cal. 2012).

3    **IV.   EVIDENCE, ARGUMENT, OR REFERENCE TO THE USE OF**

4         **FORCE, INCLUDING THE OPINIONS OF MR. BRYCE, IS**

5         **IRRELEVANT.**

6         In order for proffered evidence to be relevant, it must have some "tendency to

7    make the existence of any fact that is of consequence to the determination of the

8    action more probable or less probable than it would be without the evidence."

9    Fed.R.Evid. 401.  Whether or not the force used to subdue Plaintiffs was excessive

10   is an issue that has already been determined by this Court.  Defendants anticipate

11   that Plaintiffs will attempt to introduce the allegations of use of force at trial in an

12   attempt to obtain a second bite at the apple and provide the jury with additional facts

13   upon which to consider, or, attempt to taint the jury.

14        The sole issue remaining at trial is whether or not Defendants had probable

15   cause to arrest Plaintiffs.  Specifically as to Nathan Shay, this evidence will arise

16   from initial stop including speeding and stopping past the limit line, and testimony

17   regarding Nathan's failure to complete certain field sobriety tests.  With respect to

18   Stephan Shay, who was arrested for a violation of Penal Code 148(a)(1) – resisting,

19   obstructing or delaying a peace officer in the lawful performance of his duties –

20   probable cause evidence will arise from Stephan Shay's failure to obey Defendants'

21   commands and raising his hands in an apparent fighting stance.  While the parties

22   may dispute whether Defendants had probable cause to arrest Plaintiffs, the use of

23   force does not weigh into whether or not Defendants did in fact have probable

24   cause.

25        As set forth above, Plaintiffs' retained expert Richard Bryce intends to offer

26   testimony solely related to the excessive force claims and affirmatively stated that

27   he has no opinions regarding the false arrest claims.  He specifically wishes to offer

28

189581.doc

1  the ultimate conclusion that excessive force was used by both Defendants.  His

2  testimony has no relevance to the issues at hand and should therefore be excluded.

3       Accordingly, Defendants request that this court issue an order *in limine*

4  precluding Richard Bryce from testifying at this trial.

5  **V.**    **<u>TESTIMONY BY RICHARD BRYCE IS INADMISSIBLE UNDER</u>**

6         **<u>FEDERAL RULE OF EVIDENCE 403.</u>**

7       Evidence of the use of force has no bearing on whether or not Defendants had

8  probable cause to arrest Plaintiffs.  Indeed, Defendants anticipate that Plaintiffs

9  intend to introduce this evidence to confuse the issues and attempt to backdoor in

10  prejudicial evidence to Defendants' detriment.  Notwithstanding the lack of

11  relevance of Mr. Bryce's testimony, his anticipated testimony is also inadmissible

12  under Federal Rule of Evidence 403.

13       Federal Rule of Evidence 403 provides for exclusion of evidence where its

14  probative value "is substantially outweighed by a danger of one or more of the

15  following: unfair prejudice, confusing the issues, misleading the jury, undue delay,

16  [or] wasting time...."  Fed.R.Evid. 403.  "'Unfair prejudice' within [the rule's]

17  context means an undue tendency to suggest decision on an improper basis."  *Cohn*,

18  655 F.2d at 194.

19       Defendants believe that Plaintiffs will attempt to introduce the use of force

20  evidence in an attempt to sway the emotions of the jury to decide issues in their

21  favor based on facts not relevant to the determination of the actual issues remaining

22  case.  By referring to the controlled take-down as a "tackle," by asserting the curse

23  words allegedly used in the threat of the use of the Taser, by detailing the alleged

24  damages, and by introducing testimony of Mr. Bryce to state that the use of the

25  controlled takedown exceeded reasonable force, is all information that will cause

26  and undue consumption of time, confuse the issues and mislead the jury regarding

27  the factual disputes they will be charged with deciding.

28

189581.doc

1    As noted above, Mr. Bryce's testimony is wholly irrelevant to the issues at

2    trial.  His testimony presents a substantial danger of undue prejudice, confusion of

3    the issues, and misleading the jury.  The jury will be confused as to why a police

4    practices expert is giving testimony regarding the use of force when they are not

5    asked to give a determination of fact related to the use of force. Indeed, the

6    introduction of such testimony in this case invites the jury to impermissibly decide

7    whether the use of force is reasonable.

8    Furthermore, Mr. Bryce's testimony will result in an undue consumption of

9    time. His direct and cross examination will take at least half a day of trial, none of

10   which is relevant herein. Likewise, if Mr. Bryce is permitted to testify regarding the

11   use of force, then the Court must allow Defendants' expert, James McDonald, to

12   rebut/oppose that testimony, taking unnecessary additional time from this court and

13   jurors.

14   Finally, permitting Mr. Bryce to testify as to the lawfulness and/or

15   reasonableness of the use of force in this case is highly prejudicial since the jury will

16   not be asked to decide whether the use of force was reasonable.  This will inevitably

17   have a prejudicial effect on Defendants in that it invites the jury to decide use of

18   force in determining the actual issues at hand.

19   Mr. Bryce's testimony has no probative value as it relates to the false arrest

20   claims as he himself confirmed that he has no opinions regarding false arrest.

21   Accordingly, the lack of probative value of such evidence supports exclusion under

22   Federal Rule of Evidence 403.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

189581.doc

1

**VI.** <u>**CONCLUSION**</u>**.**

2

      Based on the foregoing reasons, Defendants respectfully request that this

3

Court grant Defendants' Motion *in Limine* No. 4 in its entirety.

4

5

DATED:     October 8, 2018       MICHAEL E. GATES, City Attorney

6

7

             By:      /s/

8

                  Jemma E. Dunn, Sr. Deputy City Attorney,
                  Attorney for Defendants,

9

                  CITY OF HUNTINGTON BEACH,
                  BRANDON D. ROCKETT and DANIEL M.

10

                  SUBIA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

1

## <u>DECLARATION OF JEMMA E. DUNN</u>

2   I, Jemma E. Dunn, hereby declare the following:

3   1.  I am an attorney at the Office of the City Attorney for the City of

4 Huntington Beach, attorneys for Defendants CITY OF HUNTINGTON BEACH,

5 BRANDON D. ROCKETT and DANIEL M. SUBIA.  The following is within my

6 own personal knowledge, and if called upon to testify I could and would

7 competently testify thereto.

8   2.  Attached hereto and incorporated herein by reference as Exhibit "A" is

9 a true and correct copy of relevant portions of the deposition testimony of Richard

10 Bryce.

11   I declare under penalty of perjury of the laws of the United States and the

12 State of California that the foregoing is true and correct.

13   Executed this 8th day of October, 2018, at Huntington Beach, California.

14

15       _____/s/_____

16        Jemma E. Dunn

17

18

19

20

21

22

23

24

25

26

27

28

189581.doc



In the Matter Of:

STEPHAN SHAY, et al.

vs

CITY OF HUNTINGTON BEACH, et al.

RICHARD S. BRYCE

September 12, 2018

Case No:  8:17-CV-744 AG (JCGx)

CERTIFIED COPY

EXHIBIT A

STEPHAN SHAY, et al. vs CITY OF HUNTINGTON BEACH, et al.
Richard S. Bryce on 09/12/2018

```
 1                  UNITED STATES DISTRICT COURT

 2                  CENTRAL DISTRICT OF CALIFORNIA

 3

 4   STEPHAN SHAY, an individual,    )
     NATHAN SHAY, an individual,     )
 5                                    )
                    Plaintiffs,       )    Case No.
 6                                    )    8:17-CV-744 AG (JCGx)
                                      )
 7   vs.                              )
                                      )
 8   CITY OF HUNTINGTON BEACH,        )
     a public entity, OFFICER         )
 9   BRANDON D. ROCKETT #422090,      )
     as an individual and a          )
10   peace officer, OFFICER           )
     DANIEL M. SUBIA #421221,         )
11   as an individual and a peace    )
     officer, and DOES 1 through     )
12   10, inclusive,                   )
                                      )
13                  Defendants.       )
     _____)

14

15            DEPOSITION OF RICHARD S. BRYCE

16         TAKEN ON BEHALF OF THE DEFENDANTS

17      AT 816 SHERMAN AVENUE, COEUR D'ALENE, IDAHO

18         SEPTEMBER 12, 2018, AT 8:00 A.M.

19

20

21   REPORTED BY:

22   JULIE MCCAUGHAN, C.S.R. NO. 684
     Notary Public
23                         CERTIFIED COPY

24

25
```



EXHIBIT A

STEPHAN SHAY, et al. vs CITY OF HUNTINGTON BEACH, et al.
Richard S. Bryce on 09/12/2018

```
 1    correct me if I'm wrong, but it's focused on the use of
 2    force both against Stephan Shay and Nathan Shay.  Fair?
 3         A.    That's correct.
 4         Q.    As I read your report, you were not offering
 5    opinions relative to the propriety of the initial stop
 6    and the subsequent arrests.  Is that true?
 7         A.    I wasn't asked to offer an opinion on that.
 8         Q.    Okay.  So is it fair to say, sir, that your
 9    opinions in this case are limited to the uses of force
10    both against Stephan Shay and Nathan Shay?
11         A.    Yes.
12         Q.    So you don't intend to offer an opinion at
13    trial concerning whether the initial detention or the
14    arrest was appropriate.  And I ask, sir, because it
15    eliminates a lot of questions for me to ask you this
16    morning.
17         A.    Well, again, that would depend on what I'm
18    asked at trial or now.
19         Q.    Right.  But as you sit here today, you're
20    here to give us your deposition.  You're here to give us
21    your opinions.  You haven't formed opinions relative to
22    the detention and arrest you intend to offer, because
23    that's not why you were retained.  Is that accurate?
24         A.    That's accurate.
25         Q.    So if the trial was tomorrow, so to speak,
```

19

EXHIBIT A

REGAL