**Rodney S. Diggs, Esq. (SBN 274459)**
*rdiggs@imwlaw.com*
**Rickey Ivie, Esq. (SBN 76864)**
*rivie@imwlaw.com*
**Tiffany Rollins, Esq. (SBN 291793)**
*trollins@imwlaw.com*
**IVIE, McNEILL & WYATT**
**A Professional Law Corporation**
**444 South Flower Street, Suite 1800**
**Los Angeles, California 90071**
**Telephone: (213) 489-0028**
**Facsimile:  (213) 489-0552**

Attorneys for Plaintiffs **STEPHAN SHAY AND NATHAN SHAY**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN SHAY, an individual, and NATHAN SHAY, an individual, <br><br> Plaintiffs <br><br> vs. <br><br> CITY OF HUNTINGTON BEACH, a public entity, OFFICER BRANDON D. ROCKETT #422090, as an individual and a peace officer, OFFICER DANIEL M. SUBIA #421221, as an individual and a peace officer and DOES 1 through 10 inclusive. <br><br> Defendants. | Case No.: 8:17-CV-744 AG (JCGx) <br><br> **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS** <br><br> **TRIAL** <br><br> **Date:**  November 6, 2018 <br> **Time:**  9:00 a.m. |

///
///
///
///

1

**TO THE HONORABLE COURT PLEASE TAKE NOTICE THAT** Plaintiffs STEPHAN SHAY and NATHAN SHAY by and through their counsel of record hereby submit the following objections to Defendants' proposed jury instructions.

Dated:   October 28, 2018                          **IVIE, McNEILL & WYATT**


                                        **By: */s/ Tiffany Rollins*_____**
                                              **RODNEY S. DIGGS**
                                              **RICKEY IVIE**
                                              **TIFFANY ROLLINS**
                                              **Attorneys for Plaintiffs**
                                              **STEPHAN SHAY and**
                                              **NATHAN SHAY**

2

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

## **DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs assert that the defendants violated the plaintiffs' rights against unreasonable search and seizure under the Fourth Amendment, pursuant to the federal statute 42 U.S.C. § 1983.  The plaintiffs have the burden of proving these claims.

The defendants deny those claims.

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>AUTHORITY FOR JURY INSTRUCTION NO. 2</u>

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.5 – Claims and Defenses (2017).  Modified to reflect multiple parties and to insert general description of claims.

4

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

**PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 2**

Plaintiffs object to this jury instruction on the basis that it misstates the claims Plaintiffs are pursuing in this matter.

**SUGGESTED MODIFICATION**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs assert that the defendants violated the plaintiffs' rights against unlawful arrest, unlawful detention, unreasonable search and unreasonable seizure under the Fourth Amendment, pursuant to the federal statute 42 U.S.C. § 1983. The plaintiffs have the burden of proving these claims.

The defendants deny those claims.

TO BE GIVEN _____

REFUSED _____

GIVEN AS MODIFIED _____

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 21

As previously explained, each plaintiff has the burden of proving that the acts of the defendants Officer Brandon Rockett and Officer Daniel Subia deprived each plaintiff of particular rights under the United States Constitution.  In this case, Plaintiff Nathan Shay alleges the defendants deprived him of his rights under the Fourth Amendment to the Constitution when they effected a vehicle stop and eventually took him to jail on suspicion of DUI.  In this case, Plaintiff Stephan Shay alleges the defendants deprived him of his rights under the Fourth Amendment to the Constitution when they arrested him.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  In order to the prove the defendants deprived each plaintiff of his Fourth Amendment right to be free from an unreasonable seizure of his person, each plaintiff must prove the following additional elements by a preponderance of the evidence:

1.    Officer Brandon Rockett and/or Officer Daniel Subia seized the plaintiff's person;

2.    in seizing the plaintiff's person, Officer Brandon Rockett and/or Officer Daniel Subia acted intentionally; and

3.    the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty through coercion, physical force or a show of authority.  A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including:

(1)    the number of officers present;

(2)    whether weapons were displayed;

6

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

(3)     whether the encounter occurred in a public or nonpublic setting;

(4)     whether the officer's manner would imply that compliance would be compelled; and

(5)     whether the officers advised the plaintiff that he was free to leave.

7

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## <u>AUTHORITY FOR JURY INSTRUCTION NO. 21</u>

Ninth Circuit Manual of Model Civil Jury Instructions, No. 9.20 – Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Generally (2017). Modified to reflect multiple parties.

8

## PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 21

Plaintiffs object to the language in this jury instruction that reads "Plaintiff Nathan Shay alleges the defendants deprived him of his rights under the Fourth Amendment to the Constitution when they effected a vehicle stop and eventually took him to jail on suspicion of DUI." It is a fact that Plaintiff Nathan Shay was *arrested* in this matter. As such, the language reading "eventually took him to jail" is skewed. Further, Plaintiffs do not support Defendants' contention that Plaintiff Nathan Shay was arrested on suspicion of a DUI.

Further, Defendants have omitted the below relevant language from the jury instruction:

"A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, the plaintiffs must prove that the defendants intended to detain plaintiffs without reasonable suspicion that either plaintiff had committed a crime or traffic violation. It is not enough to prove that the defendants negligently or accidentally engaged in that action. But while the plaintiffs must prove that the defendant intended to act, the plaintiffs need not prove that the defendants intended to violate the plaintiffs' Fourth Amendment rights"

## SUGGESTED MODIFICATION

As previously explained, each plaintiff has the burden of proving that the acts of the defendants Officer Brandon Rockett and Officer Daniel Subia deprived each plaintiff of particular rights under the United States Constitution.  In this case, Plaintiff Nathan Shay alleges the defendants deprived him of his rights under the Fourth Amendment to the Constitution when they effected a vehicle stop and arrested him.  In this case, Plaintiff Stephan Shay alleges the defendants deprived him of his rights under the Fourth Amendment to the Constitution when they arrested him.

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  In order to prove the defendants deprived each plaintiff of his Fourth Amendment right to be free from an unreasonable seizure of his person, each plaintiff must prove the following additional elements by a preponderance of the evidence:

1.   Officer Brandon Rockett and/or Officer Daniel Subia seized the plaintiff's person;

2.   in seizing the plaintiff's person, Officer Brandon Rockett and/or Officer Daniel Subia acted intentionally; and

3.   the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty through coercion, physical force or a show of authority.  A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including:

(1)   the number of officers present;

(2)   whether weapons were displayed;

(3)   whether the encounter occurred in a public or nonpublic setting;

(4)   whether the officer's manner would imply that compliance would be compelled; and

(5)   whether the officers advised the plaintiff that he was free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, the plaintiffs must prove that the defendants intended to detain plaintiffs without reasonable suspicion that either plaintiff had committed a crime or traffic violation. It is not enough to prove that the defendants negligently or accidentally engaged in that action. But while the

10

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

plaintiffs must prove that the defendant intended to act, the plaintiffs need not prove that the defendants intended to violate the plaintiffs' Fourth Amendment rights.

TO BE GIVEN _____

REFUSED _____

GIVEN AS MODIFIED _____

11

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 22

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove each plaintiff's seizure in this case was unreasonable, each plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime. Neither certainty nor a preponderance of the evidence is required.

Although the facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry.  Because probable cause is an objective standard, an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking.

Under state law, it is a crime to do any of the following:

(1)     Resist, delay, or obstruct an officer in violation of Penal Code § 148(a)(1).  The elements of a violation of Penal Code § 148(a)(1) are (1) that the person willfully resisted, delayed, or obstructed a peace officer, (2) the officer was engaged in the performance of his duties, and (3) the person knew or reasonably should have known that the other person was a peace officer engaged in the performance of his duties; and

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## **AUTHORITY FOR JURY INSTRUCTION NO. 22**

Ninth Circuit Manual of Model Civil Jury Instructions No. 9.23 – Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Probable Cause Arrest (2017).  Modified to reflect multiple parties, to further define probable cause standard in accordance with *Edgerly v. City & County of San Francisco*, 599 F.3d 946, 954 (9th Cir. 2010) and *District of Columbia v. Wesby*, 138 S. Ct. 577, 584 fn. 2 (2018), and to set forth statutes for which Defendants submit there was probable cause.

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1

### PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 22

Plaintiffs disagree with Defendants' contention that the Officers stopped Nathan for speeding. The fact that he was allegedly speeding was never mentioned to Nathan until he was being released from jail and given a citation after it could not be proven he was in fact driving under the influence. Further, Nathan was never cited a violation of Vehicle Code § 21453 nor was it mentioned to him at any point during the incident. Further, Stephan was not arrested for violating PC 415(2) and therefore it is irrelevant to the probable cause *at the time* of arrest analysis.

### SUGGESTED MODIFICATION

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove each plaintiff's seizure in this case was unreasonable, each plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Although the facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry. Under state law, it is a crime to do any of the following:

(1)     Resist, delay, or obstruct an officer in violation of Penal Code § 148(a)(1).  The elements of a violation of Penal Code § 148(a)(1) are (1) that the person willfully resisted, delayed, or obstructed a peace officer, (2) the officer was engaged in the performance of his duties, and (3) the person knew or reasonably should have known that the other person was a peace officer engaged in the performance of his duties.

14

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

TO BE GIVEN _____

REFUSED _____

GIVEN AS MODIFIED _____

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 23

In general, a seizure of a person for an investigatory stop is reasonable if, under all of the circumstances known to the officers at the time:

1.  the officers had a reasonable suspicion that the person seized was engaged in criminal activity or committed a traffic infraction; and

2.  the length and scope of the seizure was reasonable.

In order to prove the seizure in this case was an unreasonable investigatory detention, the plaintiff must prove by a preponderance of the evidence that the officers lacked reasonable suspicion to stop him or that the length or scope of the detention was excessive.

"Reasonable suspicion" is a particularized and objective basis for suspecting the plaintiff of criminal activity.   "Reasonable suspicion" is a less demanding standard than probable cause the officers are permitted to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them.

In determining whether the length or scope of the seizure was reasonable, consider all of the circumstances, including:

(1)  the intrusiveness of the detention, such as the methods the police used, the restriction on the plaintiff's liberty, and the length of the detention;

(2)  whether the methods used were reasonable under the circumstances;

(3)  the nature of the offense in question, including the potential for ongoing or repeated danger (e.g. drunken and/or reckless driving); and

(4)  whether any obstacles or interruptions interfered with the officers' ability to conduct a reasonable investigation of the potential criminal activity.

16

## **AUTHORITY FOR JURY INSTRUCTION NO. 23**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 9.21 – Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Exception to Warrant Requirement – *Terry* Stop (2017).  Modified to apply only as to Plaintiff Nathan Shay and to further define reasonable suspicion standard in accord with *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000), and to set forth relevant factors for the scope of the seizure, including the nature of the offense, as identified in *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1175 (9th Cir. 2013).

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 23

Plaintiffs object to Defendants' characterization of reasonable suspicion as a less demanding standard than probable cause on the basis that this characterization presents the risk of confusing the jury and is entirely irrelevant. Plaintiffs' contend that the standard instruction in Jury Instruction 9.21 as it relates to probable cause should be read to the jury without Defendants' modifications.

Further, Plaintiffs' contend that the following language is irrelevant to the factors of this case as neither of these dangers were present during the incident and, as such, should be excluded:

(3)     the nature of the offense in question, including the potential for ongoing or repeated danger (e.g. drunken and/or reckless driving)

(4)     whether any obstacles or interruptions interfered with the officers' ability to conduct a reasonable investigation of the potential criminal activity.

## SUGGESTED MODIFICATION

In general, a seizure of a person for an investigatory stop is reasonable if, under all of the circumstances known to the officers at the time:

1.     the officers had a reasonable suspicion that the person seized was engaged in criminal activity or committed a traffic infraction; and

2.     the length and scope of the seizure was reasonable.

In order to prove the seizure in this case was an unreasonable investigatory detention, the plaintiff must prove by a preponderance of the evidence that the officers lacked reasonable suspicion to stop him or that the length or scope of the detention was excessive.

"Reasonable suspicion" is a particularized and objective basis for suspecting the plaintiff of criminal activity. "The officers are permitted to draw on their own

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

experience and specialized training to make inferences from and deductions about the cumulative information available to them.

In determining whether the length or scope of the seizure was reasonable, consider all of the circumstances, including:

(1)    the intrusiveness of the detention, such as the methods the police used, the restriction on the plaintiff's liberty, and the length of the detention;

(2)    whether the methods used were reasonable under the circumstances;

TO BE GIVEN _____

REFUSED _____

GIVEN AS MODIFIED _____

19

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 24

As previously explained, each plaintiff has the burden of proving that the acts of the defendants Officer Brandon Rockett and/or Officer Daniel Subia deprived the plaintiff of particular rights under the United States Constitution.  In this case, each plaintiff also alleges the defendants deprived him of his rights under the Fourth Amendment to the Constitution when the officers searched their person and Nathan Shay's vehicle.

Under the Fourth Amendment, a person has the right to be free from an unreasonable search of his person and vehicle.  In order to prove the defendants deprived each plaintiff of this Fourth Amendment right, each plaintiff must prove the following additional elements by a preponderance of the evidence;

1.    Defendant Officer Brandon Rockett and/or Officer Daniel Subia searched the plaintiff's person or vehicle;

2.    in conducting the search, Defendant Officer Brandon Rockett and/or Officer Daniel Subia acted intentionally; and

3.    the search was unreasonable.

20

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **AUTHORITY FOR JURY INSTRUCTION NO. 24**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 9.12 – Particular Rights – Fourth Amendment – Unreasonable Search – Generally (2017).  Modified to reflect multiple parties.

21

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

**PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 24**

Defendants have omitted the below relevant language from the jury instruction:

[A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, plaintiffs Stephan Shay and Nathan Shay must prove defendants Brandon Rockett and Daniel Subia intended to search plaintiffs Stephan Shay and Nathan Shay's persons and plaintiff Nathan Shay's vehicle. It is not enough if plaintiffs Stephan Shay and Nathan Shay only prove defendants Brandon Rockett and Daniel Subia acted negligently, accidentally or inadvertently in conducting the search. However, the plaintiffs do not need to prove the defendants intended to violate plaintiffs' Fourth Amendment rights.]

**SUGGESTED MODIFICATION**

As previously explained, each plaintiff has the burden of proving that the acts of the defendants Officer Brandon Rockett and/or Officer Daniel Subia deprived the plaintiff of particular rights under the United States Constitution.  In this case, each plaintiff also alleges the defendants deprived him of his rights under the Fourth Amendment to the Constitution when the officers searched their person and Nathan Shay's vehicle.

Under the Fourth Amendment, a person has the right to be free from an unreasonable search of his person and vehicle.  In order to prove the defendants deprived each plaintiff of this Fourth Amendment right, each plaintiff must prove the following additional elements by a preponderance of the evidence;

1.    Defendant Officer Brandon Rockett and/or Officer Daniel Subia searched the plaintiff's person or vehicle;

2.    in conducting the search, Defendant Officer Brandon Rockett and/or Officer Daniel Subia acted intentionally; and

3.    the search was unreasonable.

22

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, plaintiffs Stephan Shay and Nathan Shay must prove defendants Brandon Rockett and Daniel Subia intended to search plaintiffs Stephan Shay and Nathan Shay's persons and plaintiff Nathan Shay's vehicle. It is not enough if plaintiffs Stephan Shay and Nathan Shay only prove defendants Brandon Rockett and Daniel Subia acted negligently, accidentally or inadvertently in conducting the search. However, the plaintiffs do not need to prove the defendants intended to violate plaintiffs' Fourth Amendment rights.

TO BE GIVEN _____

REFUSED _____

GIVEN AS MODIFIED _____

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

## **DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 27**

In general, a search of a person's vehicle is unreasonable under the Fourth Amendment if the search is not authorized by a search warrant.  Under an exception to this rule, a search warrant is not required and a search is reasonable if the search of the vehicle is to take inventory of its contents after it is impounded.

Police officers may impound vehicles that jeopardize public safety and the efficient movement of vehicular traffic, or which may become a target for vandalism or theft.  Once a vehicle has been legally impounded, the police may conduct an inventory search as long as it conforms to the standard procedures of the local police department.  However, an inventory search must not be a ruse for a general rummaging in order to discovery incriminating evidence.

In order to prove the search of the vehicle in this case was unreasonable, the plaintiff Nathan Shay must prove by a preponderance of the evidence that this exception to the warrant requirement does not apply – that is, that the search of the vehicle was not an inventory search of a validly impounded vehicle.

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## **AUTHORITY FOR JURY INSTRUCTION NO. 27**

*United States v. Torres*, 828 F.3d 1113, 1120-22 (9th Cir. 2016); *United States v. Jensen*, 425 F.3d 698, 706 (9th Cir. 2005).

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 27**

Plaintiffs' object to this special instruction on the grounds that it is unnecessary and repetitive as the substance of the instruction is covered by instructions 9.12, 9.13, and 9.14.

TO BE GIVEN _____

REFUSED _____

GIVEN AS MODIFIED _____

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

## **DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 28**

As previously mentioned, each plaintiff has the burden of proving that the acts of the defendants Officer Brandon Rockett and Officer Daniel Subia deprived the plaintiff of particular rights under the United States Constitution.  In this case, each plaintiff also alleges the defendants deprived him of his rights under the Fourth Amendment to the Constitution when the officers seized their personal property and plaintiff Nathan Shay's vehicle.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his property.  In order to prove the defendants deprived each plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.   Defendant Officer Brandon Rockett and/or Officer Daniel Subia seized the plaintiff's property;

2.   in seizing the plaintiff's property, the officer or officers who seized the plaintiff's property acted intentionally; and

3.   the seizure was unreasonable.

A person "seizes" the property of the plaintiff when the person takes possession of or controls the property in a manner that meaningfully interferes with the plaintiff's right to possess the property.

27

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

## **AUTHORITY FOR JURY INSTRUCTION NO. 28**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 9.18 – Particular Rights – Fourth Amendment – Unreasonable Seizure of Property – Generally (2017).  Modified to reflect multiple parties.

28

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 28

Defendants have omitted the below relevant language from the jury instruction:

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, the plaintiffs must prove that the defendants intended to seized plaintiffs personal property and plaintiff Nathan Shay's vehicle. It is not enough to prove that the defendants negligently or accidentally engaged in that action. But while the plaintiffs must prove that the defendants intended to act, the plaintiffs need not prove that the defendants intended to violate the plaintiff's Fourth Amendment rights.

## SUGGESTED MODIFICATION

As previously mentioned, each plaintiff has the burden of proving that the acts of the defendants Officer Brandon Rockett and Officer Daniel Subia deprived the plaintiff of particular rights under the United States Constitution. In this case, each plaintiff also alleges the defendants deprived him of his rights under the Fourth Amendment to the Constitution when the officers seized their personal property and plaintiff Nathan Shay's vehicle.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his property. In order to prove the defendants deprived each plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Defendant Officer Brandon Rockett and/or Officer Daniel Subia seized the plaintiff's property;

2. in seizing the plaintiff's property, the officer or officers who seized the plaintiff's property acted intentionally; and

3. the seizure was unreasonable.

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

A person "seizes" the property of the plaintiff when the person takes possession of or controls the property in a manner that meaningfully interferes with the plaintiff's right to possess the property.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, the plaintiffs must prove that the defendants intended to seized plaintiffs personal property and plaintiff Nathan Shay's vehicle. It is not enough to prove that the defendants negligently or accidentally engaged in that action. But while the plaintiffs must prove that the defendants intended to act, the plaintiffs need not prove that the defendants intended to violate the plaintiff's Fourth Amendment rights.

TO BE GIVEN _____

REFUSED _____

GIVEN AS MODIFIED _____

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 29

In general, a seizure of a person's property is unreasonable under the Fourth Amendment unless the seizure is authorized by a warrant. Under an exception to this rule, a warrant is not required and a seizure of property is reasonable if it is done incident to arrest or pursuant to a lawful impounding of a vehicle, as explained in prior instructions. Therefore, in order to prove the seizures of property in this case were unreasonable, each plaintiff must prove by a preponderance of the evidence that these exceptions do not apply.

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **AUTHORITY FOR JURY INSTRUCTION NO. 29**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 9.19 – Particular Rights – Fourth Amendment – Unreasonable Seizure of Property – Exceptions to Warrant Requirement (2017).  Modified to reflect multiple parties and with reference to seizure incident to arrest and vehicle impoundment.

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 29

Plaintiffs' object to the language "pursuant to a lawful impounding of a vehicle" as irrelevant to the facts of this case. Plaintiff Nathan Shay's vehicle was not seized pursuant to a lawful impounding but rather as a result of the arrest. As such, any language regarding an "impounding" should be excluded.

## SUGGESTED MODIFICATION

In general, a seizure of a person's property is unreasonable under the Fourth Amendment unless the seizure is authorized by a warrant.  Under an exception to this rule, a warrant is not required and a seizure of property is reasonable if it is done incident to arrest as explained in prior instructions.  Therefore, in order to prove the seizures of property in this case were unreasonable, each plaintiff must prove by a preponderance of the evidence that these exceptions do not apply.


TO BE GIVEN _____

REFUSED _____

GIVEN AS MODIFIED _____

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 30

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs on any of their claims, you must determine the plaintiffs' damages for that claim or claims. Each plaintiff has the burden of proving their damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant(s) for that claim or claims. You should consider the following:

The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

The reasonable value of expenses incurred as a result of the seizures up to the present time; and

As to plaintiff Stephan Shay only, you may also consider the reasonable value of wages, earnings, earning capacity, or business opportunities lost up to the present time; and the reasonable value of wages, earnings, earning capacity, or business opportunities that with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

34

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>AUTHORITY FOR JURY INSTRUCTION NO. 30</u>**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.1 – Damages – Proof, and No. 5.2 – Measures of Types of Damages (2017).  Modified to reflect multiple parties, status of claims and damages post-summary judgment and pretrial conference, and Plaintiff Nathan Shay's withdrawal of lost earnings/earning capacity damages.

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

## PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 30

Plaintiffs' seek to clarify this jury instruction to specify that Plaintiffs' claims are for unlawful arrest, unlawful detention, unreasonable search, and unreasonable seizure.

## SUGGESTED MODIFICATION

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs on their claims for unlawful arrest, unlawful detention, unreasonable search, and/or unreasonable seizure, you must determine the plaintiffs' damages for that claim or claims. Each plaintiff has the burden of proving their damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant(s) for that claim or claims. You should consider the following:

The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

The reasonable value of expenses incurred as a result of the seizures up to the present time; and

As to plaintiff Stephan Shay only, you may also consider the reasonable value of wages, earnings, earning capacity, or business opportunities lost up to the present time; and the reasonable value of wages, earnings, earning capacity, or business opportunities that with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved.

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

TO BE GIVEN _____

REFUSED _____

GIVEN AS MODIFIED _____

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## **DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 31**

Any award for future economic damages must be for the present case value of those damages.

Noneconomic damages such as pain and suffering and emotional distress are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

38

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

1

## **AUTHORITY FOR JURY INSTRUCTION NO. 31**

2

Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.4 – Damages

3

Arising in the Future – Discount to Present Cash Value (2017).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

39

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

**PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 31**

Plaintiffs' seek to modify this instruction to match the Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.4 – Damages Arising in the Future – Discount to Present Cash Value (2017) language regarding decreases in monetary value as a result of inflation.

**SUGGESTED MODIFICATION**

Any award for future economic damages must be for the present case value of those damages.

Noneconomic damages such as pain and suffering and emotional distress are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

You should also consider decreases in the value of money that may be caused by future inflation.

TO BE GIVEN _____

REFUSED _____

GIVEN AS MODIFIED _____

40

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32

If you find for one or both of the plaintiffs, you may, but are not required to, award punitive damages against the defendant(s) against whom you find on any of the claims. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Each plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded on a claim for which you find for that plaintiff. When a party has the burden of proving any claim by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

You may award punitive damages only if you find that a defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that an award of punitive damages is warranted in favor of one or both of the plaintiffs against one or both of the defendants, the amount, if any, will be determined in a subsequent phase of trial.

41

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

1

## **<u>AUTHORITY FOR JURY INSTRUCTION NO. 32</u>**

2

3      Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.5 – Punitive

4  Damages (2017).  Modified to reflect multiple parties and bifurcation of punitive

5  damages amount, and to incorporate Model Civil Jury Instruction No. 1.7 – Burden

6  of Proof – Clear and Convincing Evidence (2017).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

**PLAINTIFFS' OBJECTION TO PROPOSED JURY INSTRUCTION NO. 32**

Plaintiffs object to this jury instruction as worded to the extent that it cites the clear and convincing evidence standard which is inapplicable in this matter. The correct standard is "by a preponderance of the evidence." The normal standard of proof in federal civil trials is ordinarily a mere preponderance of the evidence. *See White v. Burlington Northern & Santa Fe Ry. Co.* (6th Cir. 2004) 364 F3d 789, 805 (en banc)—preponderance of the evidence, not clear and convincing evidence, was appropriate burden of proof on punitive damages claim under federal civil rights law; *In re Exxon Valdez* (9th Cir. 2001) 270 F3d 1215, 1232.

Plaintiffs further object to this jury instruction on the basis that it omits the following language from Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.5 – Punitive Damages (2017):

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of defendants Brandon Rockett and/or Daniel Subia's conduct, including whether the conduct that harmed plaintiffs Stephan Shay and/or Nathan Shay was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish defendants Brandon Rockett and/or Daniel Subia for harm to anyone other than plaintiffs Stephan Shay and/or Nathan Shay in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted plaintiffs Stephan Shay and/or Nathan Shay.

You may impose punitive damages against one or both of the defendants and not others, and may award different amounts against different defendants. Punitive

43

damages may be awarded even if you award plaintiffs Stephan Shay and/or Nathan Shay only nominal, and not compensatory, damages.

## **SUGGESTED MODIFICATION**

If you find for one or both of the plaintiffs, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Each plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of damages. You may award punitive damages only if you find that a defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that an award of punitive damages is warranted in favor of one or both of the plaintiffs against one or both of the defendants, the amount, if any, will be determined in a subsequent phase of trial.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of

44

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

reprehensibility of defendants Brandon Rockett and/or Daniel Subia's conduct, including whether the conduct that harmed plaintiffs Stephan Shay and/or Nathan Shay was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish defendants Brandon Rockett and/or Daniel Subia for harm to anyone other than plaintiffs Stephan Shay and/or Nathan Shay in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted plaintiffs Stephan Shay and/or Nathan Shay.

You may impose punitive damages against one or both of the defendants and not others, and may award different amounts against different defendants. Punitive damages may be awarded even if you award plaintiffs Stephan Shay and/or Nathan Shay only nominal, and not compensatory, damages.

TO BE GIVEN _____

REFUSED _____

GIVEN AS MODIFIED _____

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS