**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHAN SHAY; NATHAN SHAY, | No.    18-56644 |
| Plaintiffs-Appellants, | D.C. No.<br>8:17-cv-00744-AG-ADS |
| v. | |
| CITY OF HUNTINGTON BEACH, a public entity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted May 8, 2020[**]
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and HUMETEWA,[***] District Judge.

Plaintiffs-Appellants Stephan Shay and Nathan Shay (the "Shays") appeal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Diane J. Humetewa, United States District Judge for the District of Arizona, sitting by designation.

the district court's grant of summary judgment for Defendants-Appellees,

Huntington Beach Police Department Officers Daniel Subia and Brandon Rockett

(the "Officers") on the Shays' First Amendment retaliatory arrest, First and Fourth

Amendment excessive force, and Fourth Amendment failure to intervene claims.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  "A district court's decision to

grant . . . summary judgment on the ground of qualified immunity is reviewed de

novo."  *Woodward v. City of Tucson*, 870 F.3d 1154, 1159 (9th Cir. 2017).

Because the Shays appeal the district court's summary judgment order, we view

the facts in the light most favorable to them.  *Scott v. Harris*, 550 U.S. 372, 378

(2007).  As the parties are familiar with the facts, we do not recount them here.

We affirm.

1.    As an initial matter, the record supports finding that the Shays'

evidence sufficiently established that Stephan was tackled to stop his telephone

video recording of Nathan's arrest, thus they established the elements of their First

Amendment retaliation claims.  *See O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir.

2016).  While the district court erred in its assessment of these elements, as well as

by not undertaking the requisite separate factual inquiries for retaliatory force

versus retaliatory arrest, these errors are harmless because the Officers are

ultimately entitled to qualified immunity on all of the Shays' retaliation claims.  *Cf.*

*Beier v. City of Lewiston*, 354 F.3d 1058, 1064 (9th Cir. 2004) (noting that

"excessive force and false arrest factual inquiries are distinct").

2.    The jury's verdict on the Shays' remaining claims reflects a finding that the Officers had probable cause to arrest the Shays.  Accordingly, to the extent that their First Amendment claims are premised on retaliatory arrest, the Supreme Court's decision in *Nieves v. Bartlett* forecloses their claims as a matter of law. 139 S. Ct. 1715, 1724 (2019) (abrogating *Ford v. Yakima*, 706 F.3d 1188 (9th Cir. 2013)) (holding that a "plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest"); *see Campbell v. State of Washington Dep't of Soc. & Health Servs.*, 671 F.3d 837, 842 n.4 (9th Cir. 2011) ("We can affirm on any ground supported by the record."); *Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684 (9th Cir. 2001) (error rendered harmless by jury finding on related claim).

3.    As for their First Amendment retaliatory excessive force and Fourth Amendment excessive force claims, the Shays failed to identify a case that clearly establishes that the Officers' use of force in their arrests was unconstitutional.  *See Saucier v. Katz*, 533 U.S. 194, 201–02 (2001).  That is, they did not identify precedent that "squarely governs" the specific facts at issue.  *Kisela v. Hughes*, 138 S.Ct. 1148, 1153 (2018) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 309 (2015)).

With regard to Officer Rockett's takedown of Stephan, Plaintiffs-Appellants' reliance on *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir.

2007), is misplaced given its distinguishable facts.  *Blankenhorn* found clearly established excessive force where three officers "gang-tackled," punched, and placed hobble restraints on "a relatively calm trespass suspect . . . who had been cooperative in the past and was at the moment not actively resisting arrest."  *Id.* at 481.  Here, even construing the facts in the Shays' favor, the force used on Stephan involved a takedown maneuver by one officer and nothing further.  A reasonable officer could have concluded, under the law clearly established at the time, that this amount of force was not unconstitutionally excessive under the circumstances. The Shays have not provided a closely analogous case "that articulates a constitutional rule specific enough to alert *these* [Officers] *in this case* that *their particular conduct* was unlawful."  *Sharp v. County of Orange*, 871 F.3d 901, 911 (9th Cir. 2017).

We also find that Officer Subia's conduct of pointing a Taser at Nathan's face, and threatening to use it if he did not comply, did not violate clearly established law.  *See Saucier*, 533 U.S. at 201–02.  While the threat here may have been excessive, its unconstitutionality is not "beyond debate."  *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).  Indeed, we afforded qualified immunity to an officer who used a Taser on a non-threatening suspect under the law applicable here in *Thomas v. Dillard*, 818 F.3d 864, 890–92 (9th Cir. 2016) (decided months after Officer Subia pointed the Taser at Nathan).  Thus, the lack of precedent

4

clearly establishing this conduct to be unconstitutional requires finding that Officer Subia is entitled to qualified immunity on this excessive force claim.

The Shays have not provided a case where an officer acting under similar circumstances, as those here, was held to have violated the First or Fourth Amendment.  Nor have they established this as a "rare 'obvious case'" where the Officers' conduct was clearly unlawful.  *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004) (per curiam)).  The district court properly held that the Officers were entitled to qualified immunity.

4.     We agree with Defendants-Appellees' observation that Plaintiffs-Appellants' opening brief references but does not discuss their failure to intervene claim.  Therefore, the argument is deemed waived.  *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED**.